**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| JOAN LOCH, Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.<br><br>*Defendant.* | § § § § § § § § § § § § § | Civil Action No. 22-cv-213<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Joan Loch brings this action individually and on behalf of all current and former Personal Injury Protection Adjuster ("PIP"), Medical Pay Adjuster ("Med Pay"), and No-Fault Insurance Adjusters (hereinafter "Plaintiff and the Putative Class Members") who worked for American Family Mutual Insurance Company, S.I. ("American Family" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), the Minnesota Fair Labor Standards Act, MINN. STAT. ANN. § 177.25 *et seq.* ("MFLSA"), and the Minnesota Payment of Wages Act, MINN. STAT. ANN. § 181.101 *et seq.* ("MPWA") (collectively the "Minnesota Wage Statutes").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Minnesota state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 to recover unpaid overtime wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those persons who work for American Family as PIPs, Med Pays, and No-Fault Insurance Adjusters who assisted with the process of receiving and processing PIP, Med Pay and/or No-Fault Insurance claims under American Family's insurance policies, anywhere in the United States, at any time during the relevant statutes of limitation, through the final disposition of this matter, and have not been paid any overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by American Family not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. During the relevant time period, American Family knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek on a routine and regular basis during the relevant time periods.

6. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Minnesota state law.

7. American Family knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover overtime wages and all other damages owed under the Minnesota Wage Statutes as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Loch designated herein be named as the Class Representative for the Minnesota Class.

## II.
## THE PARTIES

11. Plaintiff Joan Loch was employed by American Family in Eden Prairie, Minnesota from 1993 to approximately September of 2020. Plaintiff Loch did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those persons who worked for American Family as salaried PIPs, Med Pays, and No-Fault Insurance Adjusters, anywhere in the United States, and at any time from April 7, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Loch worked and were paid.

13. Defendant American Family Mutual Insurance Company, S.I. is a domestic insurance company, licensed to do business in the state of Wisconsin. American Family may be served via its registered agent, Corporate Service Company at **8040 Excelsior Dr., Ste. 400, Madison, Wisconsin 53717-2915.**

## III.
## JURISDICTION & VENUE

---

[1] The written consent of Joan Loch is attached hereto as Exhibit "A."

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has personal jurisdiction over American Family because the cause of action arose within this district as a result of American Family's conduct within this District and Division.

16. Venue is proper in the Western District of Wisconsin because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, American Family's corporate headquarters are located in Madison, Wisconsin which is located within this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

19. Defendant American Family provides vehicle, property, life, and commercial insurance products to customers throughout the United States.

20. To provide its services, American Family employed (and continues to employ) numerous adjusters—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, the employees who worked as PIP, Med Pay and No-Fault Insurance Adjusters were subjected to the same or similar illegal pay practices for similar work throughout the United States.

21. Plaintiff Loch has been employed by American Family since 1993. She adjusted PIP and Med Pay claims for American Family for the last twelve (12) years of her employment with American Family.

22. Plaintiff and the Putative Class Members are (or were) non-exempt employed by American Family for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

23. Importantly, none of the FLSA or state-law exemptions relieving a covered employer (such as American Family) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

24. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of American Family resulting in the complained of FLSA and state law violations.

25. Plaintiff and the Putative Class Members were all paid a salary but no overtime.

26. Plaintiff and the Putative Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by American Family.

27. Specifically, Plaintiff and the Putative Class Members communicate with customers, investigate alleged claims for which PIP, Med Pay, and/or No-Fault coverage is sought, obtain medical bills regarding injuries alleged, monitor customer claim progress, and generally create and maintain documentation of the PIP, Med Pay, and/or No-Fault insurance claim adjustment process.

28. Plaintiff and the Putative Class Members all perform the same primary duties nationwide. They are uniformly trained by American Family and all abide by the same policies and procedures regardless of their specific job title or location.

29. Plaintiff and the Putative Class Members complete their work within designed parameters and in accordance with pre-determined plans created by American Family. Plaintiff and the Putative Class Members are not permitted to deviate from these parameters or plans and do not exercise discretion and independent judgment with respect to matters of significance.

30. Specifically, Plaintiff and the Putative Class Members must follow and apply American Family's well-established procedures for processing PIP, Med Pay, and No-Fault insurance claims.

Furthermore, each decision by Plaintiff and the Putative Class Members related to processing insurance claims must be reviewed and approved by supervisors before they become final.

31.     Plaintiff and the Putative Class Members do not perform work that is directly related to the management of general business operations of American Family. Instead, Plaintiff and the Putative Class Members perform work directly related to the production side of American Family's business, that is they process PIP, Med Pay, and No-Fault claims made by American Family's customers.

32.     Plaintiff and the Putative Class Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

33.     Plaintiff and the Putative Class Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

34.     Plaintiff and the Putative Class Members are not responsible for setting schedules or rates of pay.

35.     Plaintiff and the Putative Class Members cannot deviate from American Family's requirements or instructions without permission.

36.     Plaintiff and the Putative Class Members typically worked approximately fifty (50) to sixty (60) hours per week.

37.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

38.     The Minnesota Wage Statutes mandate that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty-eight (48) each week.

39.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours (and often times more than forty-eight (48) hours) per week but never received any overtime compensation.

40. American Family denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

41. Plaintiff and the Putative Class Members are non-exempt employees under the FLSA and Minnesota Wage Statutes.

42. Although it is well-known that production-side workers like Plaintiff and the Putative Class Members are not exempt from overtime, American Family did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

43. American Family applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

44. Because American Family did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, American Family's pay policies and practices violate the FLSA.

45. Because American Family did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty-eight (48) in a workweek, American Family's pay policies and practices also violate the Minnesota Wage Statutes.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

46. Paragraphs 1–45 are fully incorporated herein.

47. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER PERSONAL INJURY PROTECTION ADJUSTERS, MED PAY ADJUSTERS, AND NO-FAULT ADJUSTERS**

**WHO WORKED FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 7, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

48. At all times hereinafter mentioned, American Family has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all times hereinafter mentioned, American Family has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50. At all times hereinafter mentioned, American Family has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. Specifically, American Family operates numerous office sites across the country, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

52. During the respective periods of Plaintiff and the FLSA Collective Members' employment by American Family, these individuals provided services for American Family that involved interstate commerce for purposes of the FLSA.

53. In performing the operations described above, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning

of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt PIP Adjusters, Med Pay Adjuster, and No-Fault Insurance Adjusters who assisted American Family's customers and employees throughout the United States. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of American Family.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

58. American Family violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, American Family knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

60. American Family is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted American Family to pay them according to the law.

62. The decision and practice by American Family to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

63. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of American Family's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

66. Other similarly situated employees of American Family have been victimized by American Family's patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 47.

68. American Family's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of American Family's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff' experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and American Family will retain the proceeds of its violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 47 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Minnesota Wage Statutes)**

**A.     MINNESOTA COVERAGE**

76. Paragraphs 1-75 are incorporated as though fully set forth herein.

77. The Minnesota Class is defined as:

**ALL CURRENT AND FORMER PERSONAL INJURY PROTECTION ADJUSTERS, MED PAY ADJUSTERS, AND NO-FAULT ADJUSTERS WHO WORKED FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY ANYWHERE IN THE STATE OF MINNESOTA, AT ANY TIME FROM APRIL 7, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Minnesota Class" or "Minnesota Class Members").**

78. At all times hereinafter mentioned, American Family has been an employer within the meaning of the Minnesota Wage Statute. *See* MINN. STAT. ANN. § 177.23; 177.24, and 181.171, subd. 4.

79. At all times hereinafter mentioned, the Plaintiff Loch and the Minnesota Class Members have been employees within the meaning of the Minnesota Wage Statute. *See* MINN. STAT. ANN. § 177.23; 177.24; and 181.171, subd. 4.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MINNESOTA WAGE STATUTES**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The Minnesota Wage Statutes require employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 48 in a workweek. *See* MINN. STAT. ANN. § 177.25.

82. American Family suffered and permitted Plaintiff and the proposed Minnesota Class to work more than 48 hours in a workweek without proper overtime compensation as required by the Minnesota Wage Statutes.

83. Monarch knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation, constituting a willful violation of the Minnesota Wage Statutes.

84. Monarch's failure to comply with the Minnesota Wage Statutes overtime protections caused Plaintiff and the proposed Minnesota Class to suffer loss of wages and interest thereon.

85. Plaintiff Loch and Minnesota Class Members have suffered damages and continue to suffer damages as a result of American Family's acts or omissions as described herein; though American Family is in possession and control of necessary documents and information from which Plaintiff Loch and the Minnesota Class Members would be able to precisely calculate damages.

86. Plaintiff Loch, on behalf of themselves and the Minnesota Class Members, seek recovery of their unpaid wages. *See* MINN. STAT. ANN. § 181.113(a); 181.114.

87. Plaintiff and the proposed Minnesota Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the Minnesota Wage Statutes.

88. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Minnesota Wage Statute, is defined in Paragraph 77.

89. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of American Family.

C. **MINNESOTA WAGE STATUTES CLASS ALLEGATIONS**

90. All previous paragraphs are incorporated as though fully set forth herein.

91. Plaintiff Loch brings her Minnesota Wage Statute claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by American Family who worked in Minnesota at any time since April 7, 2019.

92. Class action treatment of Plaintiff Loch's Minnesota Wage Statutes claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

93. The number of Minnesota Class Members is so numerous that joinder of all class members is impracticable.

94. Plaintiff Loch is a member of the Minnesota Class, her claims are typical of the claims of other Minnesota Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Minnesota Class Members.

95. Plaintiff Loch and her counsel will fairly and adequately represent the Minnesota Class Members and their interests.

96. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

97. Accordingly, the Minnesota Class should be certified as defined in Paragraph 77.

## VI.
## RELIEF SOUGHT

98. Plaintiff respectfully pray for judgment against American Family as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring American Family to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding American Family liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Minnesota Class as defined in Paragraph 77 and designating Plaintiff Loch as the Class Representative of the Minnesota Class.

    e. For an Order pursuant to the Minnesota Wage Statutes awarding the Minnesota Class Members attorneys fees, liquidated damages, and all other damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order awarding Plaintiff a service award as permitted by law;

j.  For an Order compelling the accounting of the books and records of American Family, at American Family's expense; and

k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 13, 2022        Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorney for Plaintiffs

/s/ *SUMMER H. MURSHID*

**Summer H. Murshid**
SBN: 1075404
Hawks Quindel S.C.
5150 N. Port Washington Road, Ste 243
Milwaukee WI, 53217
Telephone: (414) 271-8650
Facsimile: (414) 207-6079
Email: smurshid@hq-law.com

**Local Counsel**

By: /s/ *Clif Alexander*
**Clif Alexander** (application *pro hac vice* forthcoming)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (application *pro hac vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284