UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| JOAN LOCH, Individually and on behalf of all others similarly situated | § § § § § § § § § § § § | Civil Action No. 3:2022-cv-00213 |
| | | JURY TRIAL DEMANDED |
| *Plaintiff*, | | |
| | | COLLECTIVE ACTION |
| v. | | PURSUANT TO 29 U.S.C. §216(b) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. | | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |
| *Defendant.* | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PRE-DISCOVERY MOTION FOR CONDITIONAL CERTIFICATION AND COURT SUPERVISED NOTICE TO PUTATIVE CLASS MEMBERS PURSUANT TO 29 U.S.C. § 216(b)**

## I. INTRODUCTION

This is a nationwide collective and class action lawsuit for unpaid overtime wages brought under the Fair Labor Standards Act and relevant state wage laws. Plaintiff Loch, the Opt-In Plaintiffs, and the Putative Class Members ("Plaintiffs") are all Personal Injury Protection ("PIP"), Medical Pay ("Med-Pay") and/or No-Fault Adjusters who worked for Defendant American Family Insurance Company, S.I. ("American Family") throughout the United States in the past three years. Plaintiffs allege that American Family's uniform company-wide classification of PIP, Med-Pay and/or No-Fault Adjusters —Plaintiffs and the Putative Class Members—as exempt from overtime has been improper under the FLSA.

Accordingly, Plaintiffs seek conditional certification of the following class:

**All current and former Personal Injury Protection, Med-Pay and/or No-Fault Adjusters who worked for American Family Casualty Ins. Co., anywhere in the**

> **United States, at any time from April 7, 2019,[1] through the final disposition of this matter. ("Putative Class Members").**

Because there are hundreds of other Putative Class Members who are unaware of this lawsuit or their right to proceed in this forum, notice to the Putative Class Members should issue to allow the Putative Class Members to make an informed decision of whether or not to join this case.[2] Further, the recovery for each Putative Class Member is eroding daily because the statute of limitations does not toll until they file their consent forms. Therefore, the Court should authorize Notice as soon as possible to prevent further diminishing of the Putative Class Members' rights.

## II. STATEMENT OF FACTS

On April 7, 2022, Plaintiff filed this collective/class action against American Family, alleging that the company misclassified its PIP, Med-Pay and/or No-Fault Adjusters as exempt from the overtime provisions of the FLSA and thus failed to pay them their legally mandated overtime compensation. *See* ECF No. 1. Plaintiff asserted the FLSA claims as a collective action under § 216(b) of the FLSA, 29 U.S.C. § 216(b) and her respective state law claims as class actions under Federal Rule of Civil Procedure 23.[3]

Plaintiffs and the Putative Class Members' duties primarily consist (and consisted) of non-exempt tasks such as investigating injury claims, obtaining relevant documentation related to the claim, ensuring that the loss identified is covered under the insurance policy, documenting file activities, and issuing payments pursuant to a customer's PIP or Med-Pay policy. *See* Declaration ("Decl.") of Joan

---

[1] Although Plaintiffs seek to certify a collective from the date suit was filed, Plaintiffs only seek to send notice to those Putative Class Members who worked for Defendant within three years of the date this Court this grants this motion and approves the issuance of Notice to the Putative Class Members.

[2] Plaintiffs' proposed Notice and Consent form is hereby attached as Exhibit 5.

[3] Plaintiffs have also brought claims arising under their respective state laws, which qualify as a Federal Rule of Civil Procedure 23 class actions. Plaintiffs moves only for conditional certification under FLSA section 216(b), and not Rule 23 class certification, at this time.

Loch, at ¶ 5, (attached as Exhibit 1); Decl. of Sharon Kocina, at ¶ 5, (attached as Exhibit 2); Decl. of Nancy Ochs, at ¶ 5, (attached as Exhibit 3); and, Decl. of Camile Grandbois, at ¶ 5, (attached as Exhibit 4). Plaintiffs and Putative Class Members all regularly worked forty (40) or more hours per week performing the above-described activities. *See* Exs. 1–4, at ¶ 11. Plaintiffs and the Putative Class Members are all subject to the same restrictions regarding their abilities to make certain decisions with respect to the handling of insurance claim files. *See id.*, at ¶ 8. Moreover, Plaintiffs and the Putative Class Members were all subject to the same policies and procedures with respect to the monitoring and auditing of their claim handling duties. *See id.*, at ¶ 4.

Although Plaintiffs and the Putative Class Members are clearly non-exempt pursuant to any "duties" test, American Family classified the Plaintiffs and Putative Class Members as exempt and paid them all the same way—that is they were paid a salary, but no overtime pay. American Family applied this classification universally to all Plaintiffs and Putative Class Members, regardless of their specific job title or the location where they worked. *See* Exs. 1-4, at ¶ 13; *see also* ECF No. 13 PageID #2 ("American Family also affirmatively alleges that Plaintiff and the Putative class Members are exempt from federal and state law requiring overtime compensation.")

### III. ARGUMENT AND AUTHORITIES

**A. Standard for Conditional Certification under § 216(b)**

The enforcement and remedy provisions created by the FLSA permit an employee to institute an action to recover unpaid minimum and/or overtime wages in either an individual or collective capacity. *See* 29 U.S.C. § 216(b). Under the collective action provisions, aggrieved employees may bring an action "for and on behalf of [herself] . . . and other employees similarly situated," provided that the "opt-in' plaintiffs file notices of written consent to sue with the Court. *Id.*

Unlike a Rule 23 class, § 216(b) collective class members' statute of limitations continues to run until they file a consent form opting into the case. See 29 U.S.C. § 256(b); *Woods v. N.Y. Life Ins.*

*Co.*, 686 F. 2d 578, 579–80 (7th Cir. 1982). In light of this, a majority of courts in this circuit, have adopted the widely used two-step process for determining whether an FLSA lawsuit may proceed as a collective action. See *Bitner v. Wyndham Vacation Resorts, Inc.*, 304 F.R.D. 354, 357 (W.D. Wis. 2014; *Woods v. Club Cabaret, Inc.,* 140 F. Supp. 3d 775, 780 (C.D. Ill. 2015); *Smith v. Alamo Claim Serv.*, No. 13-1481, 2015 WL 13594414, at *2 (C.D. Ill. Mar. 31, 2015); *Barrett v. NorthShore Univ. Healthsystem*, No. 1:17-CV-09088, 2019 WL 4412726, at *2 (N.D. Ill. Sept. 16, 2019); *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) (explaining "[t]he conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action").

    **1.    Notice Stage**

At the first stage, generally referred to as the notice stage, courts determine whether the plaintiffs are similarly situated to other potential claimants. See *Barrett*, 2019 WL 4412726, at *2. If the court finds plaintiffs are similarly situated, the court may authorize the sending of notice to the potential plaintiffs, informing them of their right to opt into the case. See *Biddings v. Lake Cty*, No. 2:09-CV-38-PRC, 2009 WL 2175584, at *2 (N.D. Ind. July 15, 2009) ("[C]ourt-authorized notice serves the broad remedial purpose of the FLSA and comports with the court's interest in managing its docket"); *Lamarr v. Illinois Bell Tel. Co.*, No. 15 C 8660, 2017 WL 2264348, at *2 (N.D. Ill. May 24, 2017).

To show they are similarly situated to the putative class members, "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Woods*, 140 F. Supp. 3d, at 780 (quoting *Russell v. Ill. Bell Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008)). "Courts apply the similarly situated requirement 'leniently' and 'typically' conditionally certify a representative class. *Slaughter v. Caidan*

*Mgmt. Co.*, LLC, 317 F. Supp. 3d 981, 988 (N.D. Ill. 2018) (quoting *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010)). The similarly situated standard can be satisfied based off the pleadings and submitted affidavits. *Barrett*, 2019 WL 4412726, at *2; *Smith v. Alamo Claim Serv.*, No. 13-1481, 2015 WL 13594414, at *2 (C.D. Ill. Mar. 31, 2015).

At this stage, courts do not adjudicate the merits, and "factual disputes are resolved in favor of the plaintiff." *Bessy v. Per Mar Sec. & Research Corp.,* No. 17-CV-034-WMC, 2018 WL 1583297, at *2 (W.D. Wis. Mar. 30, 2018) (citing to *Bitner,* 304 F.R.D. 354, 357); *see also Barrett*, 2019 WL 4412726, at *2; *Marshall v. Amsted Indus., Inc.*, No. 10–CV–11, 2010 WL 2404340, at *5 (S.D. Ill. June 16, 2010) ("[at] [the] [notice] [stage] the court does not resolve factual disputes, decide substantive issues, reach the merits, or make credibility determinations"). Declarations that are provided in support of conditional certification are not subject to the same evidentiary standards for admissibility at trial, instead they must only be based on personal knowledge. *See Howard v. Securitas Security Servs. USA, Inc.*, No. 08–C2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009); *Boyd v. Alutiig Global Solutions, LLC*, No. 11–CV–753, 2011 WL 3511085, at *6 (N.D. Ill. Aug. 8, 2011); *see also Outlaw v. Crawford*, No. 3:08–CV–356, 2010 WL 3894228, at *2 (N.D. Ind. Sept. 30, 2010) ("Personal knowledge is not a rigid requirement; it also includes opinions and inferences grounded in observations or other first-hand experience").

### 2. Second Stage

The second stage of the certification process occurs after conditional certification, after notice, and after completion of discovery. *See Russell*, 575 F. Supp. 2d at 933. It is typically only triggered *if* the defendant moves to decertify the class—at which point courts will apply a higher standard of scrutiny to determine whether the conditionally certified collective members are truly similarly situated. *See id.*; *Hundt v. DirectSat USA, LLC*, 294 F.R.D. 101, 104 (N.D. Ill. 2013). At the second stage the court will evaluate, on the merits, whether there is sufficient similarity between the named

and opt-in plaintiffs to allow the matter to proceed to trial as a collective action. *Hundt*, 294 F.R.D. at 104; *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 399, 345 (N.D. Ill. 2012). At step two, if the court finds insufficient similarities, it may revoke conditional certification or divide the class into subclasses. *See Nehelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011).

**B.     Plaintiffs Have Satisfied the Minimal Burden of Proof at this Notice Stage.**

Courts "look[] for no more than a 'minimal showing' of similarity." *Rottman*, 735 F. Supp. 2d at 990 (citations omitted). Plaintiffs must make a modest factual showing that they were together victims of a common policy of plan. *Russell*, 575 F. Supp. 2d at 933. Differences in employment settings such as job titles, departments, reporting relationships, or locations do not preclude conditional certification, so long as plaintiffs and the putative class members are affected by the same unlawful policies and practices. *Jirak v. Abbot Labs., Inc.*, 566 F. Supp. 2d 845, 850 *N.D. Ill. 2008) (holding "[d]efendant's argument about dissimilarities in the class is more appropriately decided at step two … after some of the factual issues can be fleshed out in discovery").

Misclassification cases are uniquely situated for conditional certification because a defendant's classification of class members as exempt (by its very nature) binds class members together as "victims of a common policy or plan." *Comer*, 454 F.3d at 546–47; *Wlotkowski*, 267 F.R.D. at 217 (finding plaintiff and putative class members "were 'similarly situated' victims of a common policy 'that violated the FLSA—[the] misclassification of [p]laintiffs as exempt employees'"); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) (finding it "disingenuous for [defendant], on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption").

Thus, in a misclassification case, "conditional certification is appropriate 'where the plaintiffs made a modest factual showing that the nature of the work performed by all class members is at least

similar to their own.'" *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-70, 2021 WL 5048399, at *3 (S.D. Ohio Nov. 1, 2021) (*quoting Marlow v. Mid-South Maint. Of Tennessee, LLC*, No. 3:20-CV-00711, 2021 WL 981550, at *4 (M.D. Tenn. Mar. 16, 2021); *see also Kibodeax v. A&D Ints., Inc.*, No. 3:20-CV-00008, 2022 WL 92856, at *8 (S.D. Tex. Jan. 10, 2022) (noting judicial efficiency favors certification because the issues of fact and law are common to all, "misclassification is a zero-sum game—[class members] are either [exempt] … or they are not").

1. **Plaintiffs and the Putative Class Members Performed Similar Job Duties.**

Here, Plaintiffs and the Putative Class Members are similarly situated in terms of the types of insurance claims they handle, their job duties, work hours, pay, and are together victims of the same FLSA violation, misclassification. Plaintiffs' declarations show that plaintiffs handled the same type of automobile insurance policy claims and performed the same primary duties—investigating automobile insurance PIP and Med Pay claims and resolving the same by issuing payment. *See* Exs. 1-4, at ¶ 5. Plaintiffs and the Putative Class Members neither managed other American Family employees nor exercised discretion and independent judgment with matters to significance. *See id.*, at ¶ 6. Plaintiffs and the Putative Class Members performed non-exempt job duties—they gathered evidence related to injury claims, spoke with customers, reviewed medical bills and records, and issued payments. *See id.* at ¶ 5.

Plaintiffs' declarations show they all worked overtime hours. *See id.* at ¶ 11. Plaintiffs' declarations also show they were all paid a salary but no overtime. *See id.* at ¶ 10. Plaintiffs' pleadings and declarations go well beyond Plaintiffs' 'minimal burden' and show they are similarly situated. *See Bitner,* 304 F.R.D. 354, 362 (certifying a class of sales representatives based on allegations contained in a single declaration).

2. **Plaintiffs and the Putative Class Members Suffer from the Same FLSA-Violating Policy**

Plaintiffs and the Putative Class Members in this case are similarly situated within the meaning

of 29 U.S.C. § 216(b). They are all current and former PIP Adjusters or MedPay Adjusters who worked for American Family during the relevant time-period and were subjected to the same illegal policy—they were all misclassified as exempt employees and denied overtime pay. Consistent with Plaintiff's allegations, Defendant's Answer specifically alleges that Plaintiff and all Putative Class Members "are exempt from federal and state law requiring overtime compensation." *See* ECF No. 13 PageID #2.

The existence of a "blanket" classification policy like Defendant's, without much more, can meet the low threshold for conditional certification. *See Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (certifying an FLSA collective when "all persons in the proposed collective class were subject to the same employment classification that Plaintiffs allege violates the FLSA"); *Austin v. CUNA Mut. Ins. Soc.,* No. 05-C-692-C, 232 F.R.D. 601, 607 (W.D. Wisconsin 2006) (finding the complaint and the plaintiffs' declarations alleging overtime exemption misclassification sufficiently demonstrated that the plaintiff and the putative class were similarly situated for purposes of conditional certification).

Here, Plaintiffs go well beyond this low threshold with four declarations from Opt-In Plaintiffs all attesting to the fact that they performed the same or similar duties and were all uniformly (mis)classified as exempt and denied overtime by American Family. *See generally* Exs. 1–4 . Plaintiffs' complaint and affidavits, as well as Defendant's Answer, are sufficient evidence at this stage for this Court to conditionally certify the class. *See id.*; *see also* ECF Nos. 1, 13.

**C.     The Court Should Approve Plaintiff's Proposed Notice and Process**

The benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989). "Because non-party plaintiffs must opt into a collective action, the efficiencies enabled by such actions can only be realized if 'employees receive accurate and timely notice concerning the pendency

of the collective action, so that they can make informed decisions about whether to participate'" *Petersen v. Marsh USA, Inc.*, No. 10 C 1506, 2010 WL 5423734, at *6 (N.D. Ill. 2010) (quoting *Sperling*, 493 U.S. at 170). Plaintiff requests that the Court authorize sending of the attached Proposed Notice and Consent (Exhibit 5) to all Putative Class Members, so as to provide them a meaningful opportunity to understand their rights and to join this litigation if they so choose. The Proposed Notice is "timely, accurate, and informative," and therefore should be approved. *Sperling*, 493 U.S. at 171–72.

American Family should be ordered to produce a list, in electronic and importable format, of all Putative Class Members, including their names, dates of employment, positions of employment, locations of employment, last-known mailing addresses, last-known telephone numbers, email addresses, and the last four digits of their social security number. Courts throughout the Seventh Circuit (and the United States) routinely require defendants to produce this information when granting conditional certification motions. *See Dennis v. Greatland Home Health Servs., Inc.,* No. 19 C 5427, 2020 WL 606784, at *4 (N.D. Ill. Feb. 7, 2020) (explaining producing dates of employment is not needlessly burdensome as defendants must already use that information to determine who worked within the last three years); *Slaughter*, 317 F. Supp. 3d at 994 (ordering production of job titles and dates of employment since they are also discoverable); and, *Hoffman-La Roche*, 493 U.S. at 170 (holding district courts have the authority to compel the production of contact information of employees).

This Court should authorize a 90-day opt-in period. *See Pfefferkorn v. PrimeSource Health Grp., LLC*, No. 17-CV-1223, 2019 WL 354968, at *6 (N.D. Ill. Jan. 29, 2019) (noting courts in the Seventh Circuit have approved opt-in periods between forty-five (45) to 120 days and that a 90-day opt-in period is reasonable); *Woods*, 140 F. Supp. 3d, at 784; *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009). This Court should also authorize that a reminder notice be sent halfway through the opt-in period to ensure potential plaintiffs are informed of their rights. *Knox v. Jones Group*, (S.D. Ind. 2016),

*on reconsideration in part*, No. 115CV01738SEBTAB, 2016 WL 6083526 (S.D. Ind. Oct. 18, 2016) ("The Court is unconvinced that any harm will result from potential class members being informed of their rights twice").

Plaintiff seeks to send the notice through three trusted delivery methods (U.S. postal mail, email, and via text-message) to ensure it is received.[4] *See Greatland Home Health*, 2020 WL 606784, at *4 (ordering notice be sent via U.S. mail, email, and text-message); *Owens v. GLH Capital Enter., Inc.*, No. 3:16-CV-1109-NJR-SCW, 2017 WL 2985600, at *5 (S.D. Ill. July 13, 2017) (same); *Brashier v. Quincy Prop., LLC*, No. 3:17-CV-3022, 2018 WL 1934069, at *6 (C.D. Ill. Apr. 24, 2018) (allowing text-message notice); *Rosebar v. CSWS, LLC*, No. 18 C 7081, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020) (same). Sending notice via multiple methods furthers the broad remedial goals of the FLSA. *See Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016) (recognizing that sending notice by multiple methods advances the remedial purpose of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive the notice).

Furthermore, a reminder notice to be sent via email and text message halfway through the 90-day notice period is also appropriate. Courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. *See Hamm*, 275 F. Supp. 3d at 867 ("Plaintiff is authorized to serve the reminder through the same means it served the Notice: by first class mail to current employees and by first class mail and electronic mail to former employees.").[5]

---

[4] Plaintiff requests that the Putative Class Members be given the option to execute their consent forms on-line through an electronic signature service. This service allows Putative Class Members to sign their consent form electronically by clicking on a link in an encrypted email or text-message designated only for that user, which in turn takes to them to a website where they can review the document they are signing, click a box indicating they have read and understood the consent form and insert information such as their name and date. Users are instantaneously provided with a PDF copy of the form they signed, and a copy of the form is made accessible to Plaintiff's counsel who will in turn file the same with the Court, just as if such document had been received via regular mail.

[5] *See also Benedict v. Hewlett-Packard Co.*, No. 13 Civ. 119, 2014 WL 587135, at *14 (N.D. Cal. Feb. 13, 2014) (approving reminder notice); *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (approving reminder notice); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court, pursuant to § 16(b) of the FLSA, enter an order:

(1) Conditionally certifying the proposed collective FLSA Class as defined herein;

(2) Implementing a procedure whereby Court-approved Notice of Plaintiffs' FLSA claims is sent (via U.S. Mail, e-mail, and text-message) to the conditionally certified collective

(3) Approving a Reminder Email to be sent to the Putative Class Members halfway through the 90-day notice period; and

(4) Requiring Defendant to, within fourteen (14) days of this Court's order, identify all Putative Class Members by providing a list in electronic and importable format, of the names, addresses, phone number, and e-mail addresses of all Putative Class Members who worked for Defendant during the Relevant Time Period.

Date: June 29, 2022　　　　　Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Locke Henry** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24118408
locke@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiffs and the Putative Class Members*

---

(N.D. Cal. 2010) (approving reminder postcard); *Adams v. Inter-Con Sec. Sys., Inc.*, No. 06 Civ. 5428, 2007 WL 3225466, at *5 (N.D. Cal. 2007) (ordering the mailing of a "reminder card" to all class members who did not submit a claim form 14 days before the end of the claims period); and *Watson, et al. v. Northland Heating & Air Conditioning Co., Inc.*, Case No. 2:17-cv-00447, Doc. No. 11, PAGE ID #65 (S.D. Ohio Sept. 14, 2017).

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with Defendant's counsel and Defendant is opposed to the relief requested in this Motion.

/s/ *Clif Alexander*
Clif Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Wisconsin using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander