**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | |
|---|---|
| JOAN LOCH,<br>**Individually and on behalf**<br>**of all others similarly situated** | Civil Action No. 3:2022-cv-00213<br><br>**JURY TRIAL DEMANDED** |
| **Plaintiff,** | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. §216(b)** |
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, S.I. | **CLASS ACTION PURSUANT TO FED. R.**<br>**CIV. P. 23** |
| **Defendant.** | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**CONDITIONAL CERTIFICATION**

## I.       INTRODUCTION

This case is unique in its unsuitability for collective treatment. While it may appear as a run-of-the-mill Fair Labor Standards Act ("FLSA") putative collective action, the specific facts of this case require denial of conditional certification. Plaintiff Joan Loch ("Plaintiff") seeks to certify a nationwide collective of what she refers to as "Personal Injury Protection ("PIP"), Medical Pay ("Med-Pay"), and/or No-Fault Claims Adjusters." (Doc. 20, p. 1). Plaintiff alleges that American Family improperly classified Plaintiff, Opt-In Plaintiffs, and other PIP, Med Pay, and/or No-Fault Adjusters as exempt from the overtime requirements of the FLSA.

Plaintiff brought suit under the FLSA, yet she signed a separation agreement and release in which she received separation pay exceeding her annual salary—in addition to other consideration—in exchange for releasing FLSA claims. Opt-In Plaintiffs Camille Grandbois and Sharon Kocina did the exact same thing. Opt-In Plaintiff Nancy Ochs's employment ended in March 2020, and her FLSA claim is statutorily time-barred. To make matters worse, Plaintiffs all rely on inadmissible hearsay and boilerplate language, demonstrating a lack of personal knowledge

about other similarly situated claims adjusters in American Family offices other than in Eden Prairie, Minnesota.

The Court should deny Plaintiff's motion for conditional certification ("Motion") because (1) Plaintiff, Grandbois, and Kocina waived the FLSA claims that they purport to bring on behalf of themselves and others in exchange for *significant* compensation that would offset any award, and Ochs has no actionable claim within the FLSA's two-year statute of limitations—all of which makes Plaintiffs not similarly situated to any other putative collective members; and (2) Plaintiffs have offered no evidence to support inclusion of claims adjusters outside of American Family's Eden Prairie, Minnesota office or adjusters currently or more recently (than the last eighteen months) employed by American Family. At *most*, the Court should limit any conditional certification to Casualty Med Pay No-Fault Adjusters from American Family's Eden Prairie, Minnesota office who have not released their claims against American Family.

To the extent Plaintiff and Opt-In Plaintiffs have offered any evidence at all, it is negligible, not based on personal knowledge, and simply does not demonstrate that they are similarly situated to other potential members of the collective that they seek to represent. Three Plaintiffs have released claims against American Family in exchange for consideration so significant that they are not similarly situated to other putative collective members, the fourth has no actionable claim within the FLSA's two-year statute of limitations, and all Plaintiffs can only speak to the practices at *one* of American Family's offices, as of eighteen months ago. Each of these reasons on their own is sufficient for the Court to deny conditional certification, but existing together, they are fatal to Plaintiff's Motion and—at a minimum—significantly limit the scope of any collective conditionally certified.

## II.     STATEMENT OF FACTS

The FLSA regulations have long recognized that insurance adjusters are properly classified as exempt employees because they exercise independent judgment and discretion in assessing, investigating, and resolving claims. 29 C.F.R. § 541.203(a) ("[i]nsurance claims adjusters generally meet the duties requirements for the administrative exemption"); *see, e.g.*, *Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865 (7th Cir. 2008) (affirming summary judgment for employer that adjusters were administratively exempt). Insurance adjusters at American Family are no different.

American Family is a mutual insurance company based in Wisconsin that writes and sells insurance policies. (Declaration of Dan Restad ("Restad Decl.") ¶ 3).[1] It employs claims adjusters to adjust and resolve claims that arise under its policies. (*Id.*). One of the primary functions of these claims adjusters is to adjust and negotiate claims resolutions. (*Id.* ¶ 4). In doing so, they exercise independent judgment and discretion. (*Id.*).

### *Casualty Med Pay No-Fault Adjusters*

American Family employs Casualty Med-Pay No-Fault Adjusters, which has been the title for Plaintiff's position since at least April 2019.[2] (Restad Decl. ¶ 12). American Family does not have separate titles for Personal Injury Protection, Med-Pay, and No-Fault Adjusters as Plaintiff refers to them in attempting to define the proposed collective. (*Id.* ¶ 13).

Generally, the duties of Casualty Med-Pay No-Fault Adjusters include the following:

   a.   Conducting first-party medical claim investigations related to payment of medical
        bills for injured claimants, determining who to interview as witnesses (including

---

[1] Filed simultaneously with this Brief.

[2] The maximum relevant statutory period for this litigation.

injured parties and medical providers), and directing all facets of the interview process;

b.  Making coverage decisions—analyzing and evaluating information gathered during their investigation to determine coverage issues;

c.  Determining the cause of any loss and the mechanism of injury through their investigation, determining whether the claimed injury was reasonable/necessary and accident-related, identifying potential fraud, and identifying and evaluating potential subrogation and contribution opportunities; and

d.  Resolving claims directly with insureds and/or their legal counsel and negotiating/settling claims with providers and others.

(*Id.* ¶ 6).

Casualty Med Pay No-Fault Adjusters are paid by American Family on a salary basis, which varies based on seniority, experience level, education, office location, and performance history of the adjuster—among other factors. (*Id.* ¶¶ 7-8).

### *Plaintiff and Opt-In Plaintiffs*

Loch, Grandbois, Kocina, and Ochs all worked for American Family as Casualty Med Pay No-Fault Adjusters in American Family's Eden Prairie, Minnesota office. None of them worked in other positions or other American Family offices around the country. (Doc. 20-1, ¶ 2; Doc. 20-2, ¶ 2; Doc. 20-3, ¶ 2; Doc. 20-4, ¶ 2). Since the initiation of this action on April 13, 2022, no other adjusters have joined the litigation.

Loch, Grandbois, and Kocina each executed a Voluntary Separation Agreement and Release of Claims (the "VSA") in September or December 2020[3] when they left American Family. (Restad Decl. ¶ 9). In the VSA, each specifically released claims under the "FLSA" and claims related to any "wage dispute" in exchange for significant consideration. (Restad Decl. Exs. A-C, § 4). In addition to three months of outplacement services and extended medical insurance benefits, they each received, respectively, separation payments equal to or exceeding their annual salaries. (*Id.* § 3). American Family terminated Ochs's employment in March 2020, and she did not sign any agreement containing a release of claims. (*See* Restad Decl. ¶ 11). Approximately eighteen months after the end of their employment with American Family and after receiving these payments and other consideration, Plaintiffs brought this suit.

Yet Plaintiffs did not disclose these crucial facts. Instead, their four declarations mirror each other to the point that in places they even fail to change facts as important as the correct end date of employment. (*See* Doc. 20-4). They repeat, almost word-for-word, the *same* allegations, in the *same* order, with the *same* deficiencies, and parroting the *same* conclusory language from certain regulations. Plaintiffs focus *solely* on American Family's practices regarding Casualty Med Pay No-Fault Adjusters in its Eden Prairie, Minnesota office, offering conclusory assumptions based on hearsay instead of personal knowledge regarding primary job duties, compensation, and hours worked of other Casualty Med Pay No-Fault Adjusters only within that office.

## III.    ARGUMENT AND AUTHORITIES

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action against an employer to recover unpaid compensation for themselves and on behalf of "other employees

---

[3] Grandbois voluntarily separated employment with America Family in December 2020, though her Declaration (Doc. 20-4) states that she only worked through September 2020.

similarly situated." 29 U.S.C. § 216(b). In a Section 216(b) collective action, putative collective members are required to "opt in" to the litigation by filing a written consent to join the action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982).

In deciding whether to conditionally certify the class, the Court must determine whether Plaintiff has sufficiently demonstrated that she and the putative collective members are similarly-situated victims of a common policy in violation of the FLSA. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006). The plaintiff moving for conditional certification "must provide admissible evidence that the potential collective members are sufficiently similar." *Berndt v. Cleary Bldg. Corp.*, No. 11-cv-791-WMC, 2013 WL 3287599, *7 (W.D. Wis. Jan. 25, 2013). While a lenient standard, conditional certification is not guaranteed. *Adair v. Wis. Bell, Inc.,* No. 08-C-280, 2008 WL 4224360, *3 (E.D. Wis. Sep. 11, 2008).

The Court need not accept the plaintiff's allegations as true but, rather, must evaluate the record for supporting evidence that she is similarly situated to those she seeks to represent. *Pecor v. N. Point EDC Inc.*, No. 16-C-1263, 2017 WL 3723600, **3-4 (E.D. Wis. June 9, 2017) (denying conditional certification after plaintiff "entirely ignore[d] evidence offered by the defense that significant variations also exist"). "Conclusory allegations . . . are simply not sufficient to make even the modest factual showing required." *Adair*, 2008 WL 4224360, at *6. The plaintiff must offer personal knowledge to support the scope of the proposed collective—both as to location and timeframe. "Where the plaintiff has not made at least a modest factual showing that certification is appropriate, '[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated.' " *Id.* at *4 (quoting *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)); *see also Jimenez v. GLK Foods*

6

*LLC*, No. 12-C-0209, 2013 WL 3936928 (E.D. Wis. July 30, 2013) (the lenient standard of conditional certification is not a "mere formality" because it represents "a 'tremendous financial burden to the employer' and therefore, courts must be careful to guard against wasting the parties' time and resources where certification is not appropriate at the outset") (internal citations omitted).

Multiple declarations containing the same skeletal, deficient, and repetitive allegations not based on personal knowledge are not sufficient to justify conditional certification and the extraordinary time and cost associated with the discovery that follows. To the extent conditional certification is granted, it should be limited to Casualty Med Pay No-Fault Adjusters from American Family's Eden Prairie, Minnesota office.

**A.   Plaintiff is not sufficiently similarly situated to other potential FLSA collective members and has not offered evidence sufficient to justify conditional certification.**

1.   Plaintiffs' VSAs were signed in exchange for significant consideration that offsets any damages and renders Plaintiffs not similarly situated to the rest of the collective.

In exchange for significant monetary and nonmonetary consideration, Plaintiff and all but one of the Opt-In Plaintiffs[4] signed a VSA in which they waived claims arising under the "FLSA" and any "wage dispute."[5] FLSA and wage dispute claims were specifically and conspicuously included in the claims released by Plaintiffs, evincing American Family's and Plaintiffs' clear intent that these claims be released. (Restad Decl. Exs. A-C, § 4). The payments attributable to these released claims will offset any award Plaintiffs could possibly receive in this litigation. *See,*

---

[4] The remaining Opt-In, Ochs, did not sign a similar agreement. However, her employment was terminated in March 2020, and therefore she does not possess a valid claim within the two-year statute of limitations as she did not sign her Consent (Doc. 003-3) until March 28, 2022 and the Complaint (Doc. 1) was not filed until April 13, 2022. *See* 29 U.S.C. § 255(a). In fact, Ochs does not have *any* valid claim unless she is able to demonstrate that the three-year statute of limitations for a willful violation applies, which American Family disputes.

[5] On these released claims, Loch, Kocina, and Grandbois "agree[d] to not commence legal action" against American Family—a promise they have violated through initiation of this litigation. (Restad Decl. Exs. A-C, § 4).

*e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986); *see also Oberg v. Allied Van Lines, Inc.*, 11 F.3d 679, 685 (7th Cir. 1993) (recognizing set-off of severance benefits against any award to plaintiffs).

In *Walton v. United Consumers Club, Inc.*, employees had previously received settlement payments from their employer under a wage dispute settlement with the Department of Labor. 786 F.2d 303. The Seventh Circuit concluded that the employer was entitled to an offset for the portion of the DOL settlement payments that represented what an employee would otherwise be entitled to as unpaid wages. *See id.* at 307-08 (holding that the employer had paid one of the six plaintiffs "her due" after dividing the "total compensation" it had previously paid the plaintiff under the DOL settlement by the number of hours that each plaintiff claimed to have worked in the FLSA action). Similarly, Plaintiffs are not entitled to more than their due here.

The Seventh Circuit is not unique. In approving FLSA settlements, other courts routinely offset prior payments by employers to FLSA plaintiffs against any FLSA damage award, including payments made pursuant to a prior settlement agreement and release. *See, e.g., Lenzner v. Von Briesen & Roper SC*, No. 21-CV-133-PP, 2022 WL 1692054, at *1 (E.D. Wis. May 26, 2022) (approving a settlement agreement and noting that one plaintiff would receive less since employer had already paid her $8,000 "for her unpaid overtime"); *Weckesser v. Knight Enterprises S.E., LLC*, 402 F. Supp. 3d 302, 305 (D.S.C. 2019) (approving settlement where "amount is offset by any settlement checks previously cashed in relation to the Defendant's prior solicitation of individual settlements"); *Sanchez v. RM Wireless, Inc.*, No. 617CV1785ORL22TBS, 2018 WL 3650199, at *2 n.1 (M.D. Fla. Apr. 16, 2018), report and recommendation adopted, No. 617CV1785ORL22TBS, 2018 WL 3649633 (M.D. Fla. May 1, 2018) (approving settlement of FLSA claim that was less than damages claimed, in part, because "there was a prior payment made

8

to Plaintiff"). Some courts have gone even further and determined that consideration not tied to wages or to a release payment may offset potential FLSA damages. *See, e.g.*, *Mercer v. Palm Harbor Homes, Inc.*, No. 805CV1435T30TGW, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005) (finding that value of property taken by employee from employer may serve as a valid offset to employee's FLSA claim).

The Seventh Circuit has looked to "the intent of the payor," when considering whether settlement payments can be allocated to specific claims. *See, e.g.*, *Pipitone v. United States*, 180 F.3d 859, 864 (7th Cir. 1999) (considering tax allocation of settlement payment absent express language in settlement agreement). Here, the language of the agreements signed by Plaintiffs reflects a clear intent that "FLSA" and "wage dispute" claims be released, entitling American Family to an offset of any damages in this action based on the consideration paid for this prior release of claims.

As a result of the release payments made to Plaintiffs, and American Family's offset entitlement, any damage award to Plaintiffs is likely to be reduced or eclipsed altogether. They consequently do not have the same interest or motivation to pursue the claims in this litigation as those they seek to represent. In an analogous case, the U.S. District Court for the District of Minnesota concluded that two named class representatives could not adequately represent the class where they did not stand to gain financially from pursuing a class action. The court wrote that it was "concerned that Plaintiffs' interests and goals may diverge from those of the class, which could be unfair to the other members of the class." *Sonmore v. CheckRite Recovery Servs., Inc.*, 206 F.R.D. 257, 263 (D. Minn. 2001); *see also Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 493 (8th Cir. 1983) (affirming denial of class certification where record "raised a question as to the

desire and financial ability of the named plaintiffs to vigorously pursue the interests of 2,000 potential class members").

Although *Sonmore* and *Darms* were not decided in the context of conditional certification, courts may consider later-stage evidence that weighs against conditional certification where such evidence is available. *See, e.g.*, *West v. Border Foods, Inc.*, No. 05-2525 (DWF/RLE), 2006 WL 1892527, at *7 (D. Minn. July 10, 2006) ("[N]either the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if we were to overlook facts which generally suggest that a collective action is improper.") (denying conditional certification); *Basco v. Wal-Mart Stores, Inc.*, No. CIV.A. 00-3184, 2004 WL 1497709, at *5 (E.D. La. July 2, 2004) (where there are sufficient facts to allow a court to 'make an educated decision as to whether certifying [a] matter as a collective action would survive the decertification process, the ends of judicial economy [] require the Court to make that enquiry at this stage") (denying class certification).

As a result of the VSAs signed by Loch, Grandbois, and Kocina and Ochs's lack of an actionable claim within the two-year statute of limitations, Plaintiffs' interests are so divergent from the rest of the putative collective that they are simply not similarly situated to those they seek to represent. Plaintiffs may very well not recover *anything* beyond what they have already received as settlement and will likely be less willing to acknowledge certain risk and take certain approaches in litigation than other putative collective members who have not signed similar releases and received significant consideration from American Family. Plaintiff simply cannot meet her burden to show that she is similarly situated to the rest of the collective, making conditional certification inappropriate. *See Berndt*, 2013 WL 3287599, *7; *see also Campion v. Old Republic Prot. Co.*, 775 F.3d 1144, 1146 (9th Cir. 2014) (dismissing appeal of class certification denial as moot because representative "does not stand to gain compensation for his claims because, under the

terms of the settlement, he received their full value"); *see also Wright v. Calumet City, Illinois*, 848 F.3d 814, 820 (7th Cir. 2017) (dismissing appeal of class certification denial as moot because representative had "accepted [a settlement offer] as full redress for all of his claims, and therefore cannot demonstrate any ongoing personal stake in the matter") .

2.  <u>Plaintiff is not similarly situated to current or more recently employed Casualty Med Pay No-Fault Adjusters and has not offered evidence from any such adjusters to justify conditional certification.</u>

Plaintiff has submitted *no* evidence from any Casualty Med Pay No-Fault Adjuster with personal knowledge of American Family's employment practices since December 2020,[6] yet she requests that *all* Casualty Med Pay No-Fault Adjusters across the country through the present day be included in the collective action. None of the declarants in support of conditional certification here, including Plaintiff, have been employed by American Family for almost two years. Loch, Kocina, and Grandbois all voluntarily separated employment with American Family in September or December 2020. (Docs. 20-1, ¶ 2; 20-2, ¶ 2; and 20-4, ¶ 2; Restad Decl. ¶ 9). Ochs separated employment earlier—on March 10, 2020. (Doc. 20-3, ¶ 2; Restad Decl. ¶ 11).[7] The complete lack of evidence regarding American Family's employment practices since September/December 2020, does not support conditional certification of a *nationwide* collective of all American Family adjusters with the same title from April 2019 *through the closure of this action.*

Plaintiff's conditional certification request is simply not supported by the declarations submitted. *See Infantino v. Martam Constr., Inc.*, No. 04 C 5665, 2005 WL 3132362, *1 (N.D. Ill.

---

[6] Grandbois declares her separation date as being in September 2020, though it was actually December 2020.

[7] The Declaration submitted by Ochs (Doc. 20-3) states her employment termination occurred in March of 2019. If this were true, Ochs's claim would be time barred even under a three-year FLSA statute of limitation. American Family assumes Ochs made a typographical error as its records reflect a March 2020 termination date.

July 18, 2005) (finding former employee's affidavit "non indicative" of employment practices during the relevant time frame and denying Plaintiffs' "motion to begin notice to members of the plaintiff class"). Plaintiffs' formulaic declarations, which all repeat the same conclusory allegations, focus only on the experience of Plaintiff and Opt-In Plaintiffs who have not worked for American Family for at least eighteen months. They do not evidence *any* knowledge of American Family's policies or practices since December 2020. *See, e.g.*, *Jin YunZeheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-CV-60 (ILG), 2013 WL 5132023, **5-8 (E.D. N.Y. Sept. 12, 2013).

Conditional certification should be denied because Plaintiff has not adequately supported her Motion with personal knowledge or other credible evidence. *Compare Drew v. Shoe Show, Inc.*, No. 10-cv-656-JPG-PMG, 2011 WL 4387096, *4 (S.D. Ill. Sep. 19, 2011) (denying conditional certification where the plaintiffs' only evidence of potential class members' duties came from her "brief experiences" with other employees "for very limited periods of time."), *with Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2016 WL 7426135, *4 (N.D. Ill. Dec. 23, 2016) (finding plaintiff satisfied the similarly situated evidentiary burden by providing numerous declarations from employees who worked for the defendant in "different offices in different states"); *see also Lallathin v. Ro Ro Inc.*, No. 1:09-cv1293-WTL-DML, 2010 WL 2640271, **1-2 (S.D. Ind. June 28, 2010) (holding that conversations with other store managers insufficient to determine them similarly situated, noting lack of "actual evidence" by plaintiff).

**B.** **Plaintiff is not similarly situated to Casualty Med Pay No-Fault Adjusters outside of American Family's Eden Prairie, Minnesota office and has offered no evidence from any adjuster outside that office.**

1. <u>Any Casualty Med Pay No-Fault Adjusters outside of American Family's Eden Prairie, Minnesota office cannot be included in any conditionally certified collective action.</u>

All declarants in support of conditional certification, including Plaintiff, were employed with American Family's Eden Prairie, Minnesota office. They base their support for a nationwide collective *entirely* on their experience within the Eden Prairie, Minnesota office. Each declares,

> I communicated with other PIP Adjusters on a daily basis at our *Eden Prairie office*. . . Based on those communications, and my *personal interactions* with my fellow PIP Adjusters, I know that they had the same job duties I did. I also *personally observed* that these individuals worked the same type of hours that I did because I would see and interact with them at the *Eden Prairie office*.

(Docs. 20-1, ¶ 12; 20-2, ¶ 12; Doc. 20-3, ¶ 12; and 20-4, ¶ 21) (emphasis added). Plaintiff submits none of her own information about any other office nor does she submit a declaration of any current or former Casualty Med Pay No-Fault Adjuster from any other American Family office, yet she requests this Court to conditionally certify a *nationwide* class. (Docs. 20-1, ¶ 2; 20-2, ¶ 2; Doc. 20-3, ¶ 2; and 20-4, ¶ 2).

Plaintiff's broad conditional certification request is simply not credibly supported by the evidence submitted. *See Infantino*, 2005 WL 3132362. Even regarding other Casualty Med Pay No-Fault Adjusters in the Eden Prairie, Minnesota office, Plaintiff offers only conclusory statements, speculation, and hearsay evidence regarding her interactions with them. (Doc. 20-1, ¶¶ 11 ("I know this from talking with other coworkers and from the job description American Family gave me for my job."), 12 ("I communicated with other PIP Adjusters on a daily basis at our Eden Prairie office. . . I know that they had the same job duties I did."), 14 ("Based on my conversations with other PIP Adjusters I know that they would be interested to learn that they may recover unpaid overtime from American Family.")). Such conclusory evidence alone is insufficient

to support conditional certification. *See Hatton v. Cablecom, LLC*, No. 14-CV-1459, 2015 WL 4113441 (E.D. Wis. July 8, 2015) (denying conditional certification sought by a class of cable installers where the plaintiff's case relied upon conclusory allegations about other cable installers' experiences, therefore failing to identify a common policy or practice); *Jin Yun Zeheng*, 2013 WL 5132023 (denying conditional certification sought by a group of supermarket employees where their declarations included merely conclusory allegations that others were subject to similar treatment).

Focusing only on their experiences in the Eden Prairie, Minnesota office, Plaintiff and Opt-In Plaintiffs make no mention in their declarations of *any* basis for believing that Casualty Med Pay No-Fault Adjusters in other states are similarly situated. (*See, e.g.*, Doc 20-1, 20-2, 20-3, 20-4, ¶ 12 ("I communicated with other PIP Adjusters on a daily basis *at our Eden Prairie office*. . . Based on those communications, and my personal interactions with my fellow PIP Adjusters, I know that they had the same job duties I did.") (emphasis added)). Because Plaintiff has not adequately supported her conditional certification request with personal knowledge or other credible evidence, conditional certification should be denied. *Compare Drew*, 2011 WL 4387096, *4 (denying conditional certification where the plaintiffs' only evidence of potential class members' duties came from her "brief experiences" with other employees "for very limited periods of time."), *with Hudgins*, 2016 WL 7426135, *4 (plaintiff satisfied the similarly situated evidentiary burden by providing numerous declarations from employees who worked for the defendant in "different offices and in different states"); *see also Lallathin*, 2010 WL 2640271, * 1. Since Plaintiff has not demonstrated that she is similarly situated to Casualty Med Pay No-Fault Adjusters outside of Eden Prairie, Minnesota, the Court should deny conditional certification on that basis.

2.  <u>In the alternative, should this Court conditionally certify a collective, it should certify a collective limited to Casualty Med Pay No-Fault Adjusters who have worked in American Family's Eden Prairie, Minnesota office.</u>

With such limited evidence, Plaintiff cannot meet her burden to show that she is similarly situated to Med Pay No-Fault Adjusters outside of American Family's Eden Prairie, Minnesota office, let alone on a nationwide basis. In a remarkably similar FLSA collective action, the U.S. Court of Federal Claims declined to conditionally certify a nationwide class of nurse's assistants, instead certifying a class limited to employees at one facility. *Gayle v. United States*, 85 Fed. Cl. 72, 78-79 (2008) (declining to grant nationwide certification based on evidence submitted by three employees employed at one location). The named plaintiff—a nurse's assistant at a VA medical facility—moved to conditionally certify a nationwide collective of nurse's assistants who had worked at similar facilities around the country and had allegedly not been compensated for overtime. *Id.* at 75. The court determined that the named plaintiff's affidavit regarding her experience, and that of others at the same facility, failed to meet even the "lenient evidentiary standard applicable to a first step conditional certification" that some credible evidence be offered "that other potential plaintiffs are similarly situated." *Id.* at 78.

Plaintiff and Opt-In Plaintiffs here have similarly failed to meet the lenient standard in seeking to certify a nationwide FLSA collective action. The same declaration from four former Casualty Med Pay No-Fault Adjusters who worked at the same American Family office cannot justify conditionally certifying a nationwide class. *See id.* ("The experience of these three individuals at one Veterans Affairs' medical center is not sufficient to conclude that the agency has a nationwide policy of not paying overtime to per diem nurses' assistants."). Even had Plaintiff offered statements of personal knowledge from adjusters in a few states around the country, it would not justify certification of a *nationwide* collective. *Ahmed v. T.J. Maxx Corp.*, No. 10-CV-3609 ADS ETB, 2013 WL 2649544, at **14-15 ("The Court simply cannot presume the existence

of a de facto illegal policy common to all Assistant Store Managers in more than 4000 stores across the entire nation based only on allegations from three Assistant Store Managers working in merely a handful of stores in the tri-state area and in Arkansas.") (E.D.N.Y. June 8, 2013) (setting aside magistrate's decision conditionally certifying nationwide collective as "clearly erroneous and contrary to law"). The declarations submitted by Plaintiff here support, at most, the certification of former Med Pay No-Fault Adjusters who worked out of the American Family's Eden Prairie, Minnesota office. *See Gayle*, 85 Fed. Cl. at 80 (concluding that a nationwide collective was not supported but that "plaintiff's allegations are sufficient to support authorizing conditional certification of a collective action for per diem nurses' assistants who are working or have worked at the Northport Veterans Affairs Medical Center").

Plaintiff's only other claim in this litigation is for certification of a purported Rule 23 class claim under **Minnesota's** wage statutes—not any other state—evidencing that this litigation is decidedly limited to Minnesota. Accordingly, if the Court conditionally certifies any collective, it should be limited to a class of Casualty Med Pay No-Fault Adjusters who worked in American Family's Eden Prairie, Minnesota, office from April 2019 through December 2020.

## C.     Plaintiff's notice to potential collective members is inappropriate as proposed.

Should the Court grant any conditional certification, it should modify the notice proposed by Plaintiff to be sent to putative collective members ("Notice") (Doc. 20-5). Because the nature and extent of these modifications depends on the Court's decision regarding conditional certification, American Family respectfully requests that, should the Court grant Plaintiff's Motion in any respect, American Family be provided the opportunity to address the content and distribution of any Notice.

## IV.   CONCLUSION

Defendant American Family respectfully requests that the Court enter an order:

(1)    Denying Plaintiff's motion for conditional certification;

(2)    Or, in the alternative, modifying both the definition of the collective and the Notice pursuant to American Family's arguments above.


Respectfully submitted,


Dated: August 10, 2022          /s/ Kendra D. Simmons
                                Bridget R. Penick (IA AT#6147)
                                Kendra D. Simmons (IA AT#26286)
                                **FREDRIKSON & BYRON, P.A.**
                                111 East Grand Avenue, Suite 301
                                Des Moines, IA  50309
                                Telephone:  515.242.8900
                                bpenick@fredlaw.com
                                ksimmons@fredlaw.com


Dated: August 10, 2022          /s/ Joseph M. Sokolowski
                                Joseph M. Sokolowski (MN #0178366) (*pro hac vice*)
                                **FREDRIKSON & BYRON, P.A.**
                                200 South Sixth Street, Suite 4000
                                Minneapolis, MN 55402-1425
                                (612) 492-7000
                                jsokolowski@fredlaw.com

                                ***Attorneys for Defendant***

76876965 v1