IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOAN LOCH, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

                Defendant.

OPINION and ORDER

22-cv-213-jdp

---

    Plaintiff Joan Loch contends that her former employer, defendant American Family Mutual Insurance Company, violated the Fair Labor Standards Act (FLSA) and Minnesota State wage law by misclassifying her and other insurance adjusters as exempt from overtime and failing to pay them an overtime premium for hours they worked in excess of 40 in a workweek. Former American Family employees Camille Grandbois, Sharon Kocina, and Nancy Ochs have consented to joining the lawsuit. Dkt. 3.

    Now before the court is (1) Loch's motion for conditional certification of a collective action under 29 U.S.C. § 216(b) with a request for court approval of a notice to the collective, Dkt. 19; and (2) the parties' joint motion to extend the dispositive motions deadlines, Dkt. 34.

    The court does not have fundamental objections to the proposed collective. But, for the reasons explained below, the court finds that neither Loch nor any of the other opt-in members of the proposed collective are adequate representatives. So the court will deny the motion for conditional certification without prejudice and give plaintiff's counsel an opportunity to file a renewed motion that includes a motion to substitute Loch with an adequate class

representative. Because the deadline for decertifying any conditionally certified collective and moving for Rule 23 class certification has now passed, the court will strike the remaining pretrial deadlines and trial date and set a new schedule after making a final ruling on conditional certification.

## ANALYSIS

### A. Legal standard

Section 216(b) of the FLSA authorizes plaintiffs to bring "collective actions" against employers to recover unpaid compensation for themselves and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Many courts, including this one, apply a two-step approach to certifying collective actions. The first step is conditional certification, which requires the plaintiff to make a "modest factual showing" that they and potential collective members were subject to a common policy or plan that violated the law. *De Leon v. Grade A Constr. Inc.*, No. 16-cv-348, 2017 WL 1957537, at *2-3 (W.D. Wis. May 11, 2017); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 628-29 (W.D. Wis. 2009). The inquiry focuses on "whether potential plaintiffs are sufficiently similar to believe a collective action will facilitate efficient resolution of a legal dispute involving claims which share common questions and common answers." *Holmes v. Sid's Sealants, LLC*, No. 16-cv-821, 2017 WL 5749684, at *2 (W.D. Wis. Nov. 28, 2017) (internal quotations omitted). This is a relatively liberal standard that typically results in conditional certification of a representative class. *De Leon*, 2017 WL 1957537, at *2-3.

At the second step, the defendant may move for decertification, at which point the court determines whether the plaintiff is in fact similarly situated to those who have opted in. *Bitner*

*v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 358 (W.D. Wis. 2014). At that stage, the court applies a standard similar to class certifications under Federal Rule of Civil Procedure 23. *See Jones v. Cruisin' Chubbys Gentlemen's Club*, No. 17-cv-125-jdp, 2018 WL 1175412, at *2 (W.D. Wis. Mar. 6, 2018) (citing *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (explaining that case law has "largely merged the standards" for FLSA and Rule 23 class actions with merely "terminological differences")).

## B. Proposed collective

Loch defines the proposed collective as "[a]ll current and former Personal Injury Protection, Med-Pay and/or No-Fault Adjusters who worked for American Family Casualty Ins. Co., anywhere in the United States, at any time from April 7, 2019, through the final disposition of this matter." Dkt. 20, at 1-2. Although Loch seeks conditional certification of a collective from three years before the date she filed suit, she asks to send notice only to those putative collective members who worked for American Family within three years of the date of the order approving notice to the collective. *Id.*, at n. 1.

To show that the members of this collective are similarly situated, Loch relies on her declaration and the nearly identical declarations of former employees Sharon Kocina, Nancy Ochs, and Camile Grandbois. *See* Dkts. 20-1 to 20-4. All of these employees worked as PIP adjusters at American Family's Eden Prairie, Minnesota office until sometime in 2020.[1] *Id.*, at ¶ 2. The declarations detail the job duties for PIP adjusters, discuss the number of hours a week

---

[1] Although Ochs says she left the company in March 2019, American Family says that her personnel records show she was terminated in March 2020. Dkt. 31, at 11 n. 7. Because Loch does not refute this assertion in her reply brief, the court will assume the termination year listed in Ochs's declaration is a typographical error.

3

typically worked (60), and state that all of the PIP adjusters at American Family's Eden Prairie office were paid a salary with no additional compensation for overtime hours. American Family generally challenges the declarations as conclusory and based on hearsay. But in addition to daily communications with other PIP Adjusters at the Eden Prairie office, declarants state that their knowledge is based on their own personal experiences, the job description provided by American Family, and their personal observations of their co-workers. Dkts. 20-1 to 20-4, at ¶¶ 11-12.

American Family also argues that it is not reasonable to infer from the declarations that adjusters in all of American Family's offices across the country were treated the same way during the period in question. Loch and the other former employees only discuss the practices at the Eden Prairie office and all of them last worked for American Family in 2020, making their information outdated. But Loch contends that American Family has provided the evidence needed to show that its illegal practices occurred nationwide.

In support of its opposition to conditional certification, American Family submitted the declaration of Dan Restad, a Claims Manager III who managed teams that included Loch, Grandbois, Kocina, and Ochs. Dkt. 32, at ¶ 2. Restad states that in April 2019, American Family had consolidated the positions of PIP, Med Pay, and No-Fault Adjuster under the title of Casualty Med Pay No-Fault Claims Adjuster and that Loch, Grandbois, Kocina, and Ochs all held that title by April 2019. *Id.*, at ¶¶ 12-13. He also specifically states that Casualty Med Pay No-Fault Claims Adjusters work in all 50 states, have the same general job duties, and are paid on a salary basis. *Id.*, at ¶¶ 5-6 and 8. When considered together, the declarations of Loch, Grandbois, Kocina, Ochs, and Restad are sufficient to make a modest factual showing that American Family has a consistent, nationwide practice of classifying Casualty Med Pay No-

Fault Claims Adjusters as exempt from overtime pay.[2] *See Kelly*, 256 F.R.D. at 629 (a small number of employee declarations may be sufficient). But the court is unable to conditionally approve the proposed collective for another reason.

American Family has produced evidence that Loch, Grandbois, and Kocina all executed a voluntary separation agreement and release of claims when they left American Family in 2020.[3] In consideration for a lump sum payment, they specifically released "any wage dispute" and claims under the FLSA and "similar state or local law." Dkt. 32, at ¶ 9 and exhs. 1-3. Loch argues that the settlement agreements are immaterial to conditional certification and the FLSA claims against American Family because the Seventh Circuit does not recognize private settlements of FLSA claims that are not approved by a court or overseen by the Department of Labor. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1351 (11th Cir. 1982)) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. . . . Courts therefore have refused to enforce wholly private settlements."); *Brooks v. Sherman Phoenix LLC*, No. 20-CV-35-PP, 2021 WL 977071, at *1 (E.D. Wis. Mar. 16, 2021) ("The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval."). But regardless whether the severance agreements amount to valid releases of their

---

[2] Loch has not disputed American Family's assertion that the positions of PIP, Med Pay, and No-Fault Adjusters did not exist during the relevant claim period and that these positions now all fall under the title of Casualty Med Pay No-Fault Claims Adjuster.

[3] Ochs did not sign any agreement containing a release of claims when American Family terminated her employment in March 2020. Dkt. 32, at ¶ 11.

FLSA claims, Loch, Grandbois, and Kocina are not similarly situated to the members of the collective that they seek to represent.

Because Loch, Grandbois, and Kocina will have to show that their previously-executed severance agreements do not prevent them from pursuing FLSA and state wage law claims against American Family, their claims, and American Family's defense to them, are fundamentally different from adjusters who did not execute a settlement agreement. Moreover, their interests are not aligned with putative collective members; they already received payments that they have an interest in keeping. So Lochs, Grandbois, and Kocina cannot serve as adequate representatives of the collective. *See* Fed. R. Civ. P. 23(a)(4) (representative parties must fairly and adequately protect interests of the class); *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (adequacy of representation requires class representative's interests to be aligned with class's interests).[4] Ochs also is not an adequate representative because her employment ended in March 2020, making her primary FLSA claim time-barred as of the April 13, 2022 filing of her notice of consent to join this lawsuit. *See* 29 U.S.C. § 255(a) (two-year statute of limitations for FLSA claims, except willful violations may be commenced within three years).

## C. Next steps

Although the court is satisfied that it can conditionally certify a collective of current and former Casualty Med Pay No-Fault Claims Adjusters who worked for American Family anywhere in the United States, it will deny Loch's motion without prejudice and give plaintiff's

---

[4] Although the court does not typically apply Rule 23 requirements at the conditional certification stage, it is clear that Loch, Grandbois, and Kocina will not be able to adequately represent the collective. So this issue should be resolved earlier rather than later.

counsel an opportunity to name a plaintiff or plaintiffs who adequately represent the collective. Along with a motion to substitute the named plaintiff, plaintiff's counsel may renew the motion for conditional certification and ask the court to authorize notice to members of the collective so that they may opt-in to the case.

In addition to identifying a new named plaintiff, the renewed motion should clarify the relevant period for the collective. Loch sought conditional certification of a collective from April 7, 2019, through the final disposition of this matter, even though she asked that notice be sent only to those putative collective members who worked for American Family within three years of the date of the order approving notice to the collective. Typically notice is sent to all individuals meeting the definition of the collective. Loch did not explain the discrepancy, so the renewed motion for conditional certification should correct this problem or explain the need for different class periods.

The court's review of the renewed motion for conditional certification will be limited to three issues: (1) whether the newly named plaintiffs are adequate representatives; (2) the period to be used in defining the collective; and (3) the notice process.

American Family chose not to comment on the proposed notice submitted by Loch in light of its challenges to the definition of the collective, but it asked for an opportunity to respond to the content and distribution of any revised notice. In revising the notice, plaintiff's counsel should be aware of some minor problems with the notice submitted by Loch. First, the notice fails to advise putative collective members of the binding effect of any future judgment—including trial or settlement—if they opt in to the collective. Second, the job titles listed in the collective definition are obsolete. Instead, the job title of Casualty Med Pay No-Fault Claims Adjuster should be used to reflect the job title that has been used by American Family since

7

2019. Third, although the notice discusses legal representation, it does not discuss how class counsel will be paid. Fourth, the opt-in period of 90 days, with a reminder notice to be sent to collective members after 45 days, is much longer than that usually approved by the court, even for a nationwide collective. An opt-in period of 45 to 60 days with no reminder notice is more typical. So along with any renewed motion for conditional certification, plaintiff's counsel should file a revised notice that corrects these problems or explains why they should not be corrected. American Family will be given an opportunity to respond to the revised notice.

Loch also asked the court to direct American Family to provide the following information about putative collective members in an electronic and importable format: names, dates of employment, positions of employment, locations of employment, last-known mailing addresses, last-known telephone numbers, email addresses, and the last four digits of their social security number. Dkt. 31, at 9. The amount of personal information Loch seeks about the collective members goes beyond what this court has permitted in other cases. For example, the court has previously rejected requests for phone numbers and social security numbers, reasoning that such information is personal, the members of the collective are not yet parties to the case so their privacy must be protected, and residential and email addresses should be adequate to provide notice to most potential opt-in plaintiffs. *Sharpe v. APAC Customer Servs., Inc.*, No. 09-cv-329-bbc, 2010 WL 135168, at *7 (W.D. Wis. Jan. 11, 2010); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009). If plaintiff's counsel believes that they have a special need for such information now, they may renew their request with their renewed motion, along with an explanation of the need.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for conditional certification, Dkt. 19, is DENIED without prejudice.

2. Plaintiff may have until April 3, 2023, to file a motion to substitute the named plaintiff and renew the motion for conditional certification. Defendant will have until April 13, 2023 to respond.

3. The parties' joint motion to extend dispositive motions deadlines is GRANTED IN PART and DENIED IN PART. The remaining pretrial deadlines and trial date are STRUCK. The court will reset the schedule in this case after resolving the issue of conditional certification.

Entered March 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge