UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| **JOAN LOCH,** Individually and on behalf of all others similarly situated | § § § § | Civil Action No. 3:2022-cv-00213 |
| | | **JURY TRIAL DEMANDED** |
| *Plaintiff,* | § § | |
| v. | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.** | § § § | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| *Defendant.* | § § | |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' PRE-DISCOVERY MOTION FOR CONDITIONAL
CERTIFICATION AND COURT SUPERVISED NOTICE TO PUTATIVE
COLLECTIVE MEMBERS PURSUANT TO 29 U.S.C. § 216(b)**

## I.  INTRODUCTION

This is a nationwide collective and class action lawsuit for unpaid overtime wages brought under the Fair Labor Standards Act and relevant state wage laws. Plaintiffs Loch and Ochs, the Opt-In Plaintiffs, and the Putative Collective Members ("Plaintiffs") are all Casualty Med Pay No-Fault Claims Adjusters who worked for Defendant American Family Insurance Company, S.I. ("American Family") throughout the United States in the past three years. Plaintiffs allege that American Family's uniform company-wide classification of Casualty Med Pay No-Fault Claims Adjusters—Plaintiffs and the Putative Class Members—as exempt from overtime has been improper under the FLSA.

Accordingly, Plaintiffs seek conditional certification of the following collectives:

**ALL CURRENT AND FORMER CASUALTY MED PAY NO-FAULT CLAIMS ADJUSTERS WHO WORKED FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY ANYWHERE IN THE UNITED**

**STATES, AT ANY TIME FROM APRIL 7, 2019,[1] THROUGH THE FINAL DISPOSITION OF THIS MATTER WHO SIGNED A VOLUNTARY SEVERANCE AND RELEASE AGREEMENT;[2]**

and

**ALL CURRENT AND FORMER CASUALTY MED PAY NO-FAULT CLAIMS ADJUSTERS WHO WORKED FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 7, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER WHO DID NOT SIGN A VOLUNTARY SEVERANCE AND RELEASE AGREEMENT.[3]**

Because there are hundreds of other Putative Collective Members who are unaware of this lawsuit or their right to proceed in this forum, notice to the Putative Class Members should issue to allow the Putative Collective Members to make an informed decision of whether or not to join this case.[4] Further, the recovery for each Putative Collective Member is eroding daily because the statute of limitations does not toll until they file their consent forms. Therefore, the Court should authorize Notice as soon as possible to prevent further diminishing of the Putative Class Members' rights.

## II.     STATEMENT OF FACTS

On April 7, 2022, Plaintiff Loch filed this collective/class action against American Family, alleging that the company misclassified its Casualty Med Pay No-Fault Claims Adjusters as exempt from the overtime provisions of the FLSA and thus failed to pay them their legally mandated overtime compensation. *See* ECF No. 1. Plaintiff asserted the FLSA claims as a collective action under § 216(b)

---

[1] Plaintiffs utilize the April 7, 2019, date in their proposed class definition because it is on that date the statute of limitations stopped for Plaintiff Loch. However, Plaintiffs recognize that notice should only be sent to those individuals who are eligible to join this lawsuit, and therefore do not ask to send notice to individuals who would be time-barred from pursuing their FLSA claims against Defendant.

[2] Plaintiff Joan Loch is the proposed Collective Representative for those individuals who allegedly executed the purported Voluntary Severance and Release Agreement.

[3] Nancy Ochs is the proposed Collective Representative for those individuals who did not execute the purported Voluntary Severance and Release Agreement.

[4] Plaintiffs' proposed Amended Notice and Consent form is hereby attached as Exhibit 1.

of the FLSA, 29 U.S.C. § 216(b) and her respective state law claims as class actions under Federal Rule of Civil Procedure 23.[5]

Plaintiff originally filed her Pre-Discovery Motion for Conditional Certification and Notice to the Putative Collective Members on June 29, 2023. After the completion of briefing, this Court entered an order denying Plaintiff's motion without prejudice to refiling the same. *See* ECF No. 35. Through that order, this Court noted that it had no objections to the proposed collective, but determined that Plaintiff Loch was not an adequate representative of the proposed collective because she had signed a severance agreement containing a purported release of her FLSA claims, giving rise to defenses to her claims not common among all collective members. *Id.* This Court provided an opportunity to substitute in another named plaintiff capable of adequately representing the collective. Plaintiff has done so and has sought leave to amend her complaint to include Plaintiff Nancy Ochs as a representative plaintiff. Through this amended motion, Plaintiffs seek certification of *two* collectives: one involving individuals who signed purported releases represented by Plaintiff Loch, and who involving individuals who did not, represented by Plaintiff Ochs.

Although Plaintiffs and the Putative Collective Members are clearly non-exempt pursuant to any "duties" test, American Family classified the Plaintiffs and Putative Class Members as exempt and paid them all the same way—that is they were paid a salary, but no overtime pay. American Family applied this classification universally to all Plaintiffs and Putative Class Members, regardless of their specific job title or the location where they worked. *See* Declaration ("Decl.") of Joan Loch, at ECF No. 20-1,¶ 5, ); Decl. of Sharon Kocina, ECF No. 20-2, at ¶ 5; Decl. of Nancy Ochs, Exhibit 2, at ¶ 5; and, Decl. of Camile Grandbois, ECF No. 20-4, at ¶ 5; *see also* ECF No. 13 PageID #2 ("American

---

[5] Plaintiffs have also brought claims arising under their respective state laws, which qualify as a Federal Rule of Civil Procedure 23 class actions. Plaintiffs moves only for conditional certification under FLSA section 216(b), and not Rule 23 class certification, at this time.

Family also affirmatively alleges that Plaintiff and the Putative class Members are exempt from federal and state law requiring overtime compensation.")

### III. ARGUMENT AND AUTHORITIES

**A. Standard for Conditional Certification under § 216(b)**

The enforcement and remedy provisions created by the FLSA permit an employee to institute an action to recover unpaid minimum and/or overtime wages in either an individual or collective capacity. *See* 29 U.S.C. § 216(b). Under the collective action provisions, aggrieved employees may bring an action "for and on behalf of [herself] . . . and other employees similarly situated," provided that the "opt-in' plaintiffs file notices of written consent to sue with the Court. *Id.*

Unlike a Rule 23 class, § 216(b) collective class members' statute of limitations continues to run until they file a consent form opting into the case. See 29 U.S.C. § 256(b); *Woods v. N.Y. Life Ins. Co.,* 686 F. 2d 578, 579–80 (7th Cir. 1982). In light of this, a majority of courts in this circuit, have adopted the widely used two-step process for determining whether an FLSA lawsuit may proceed as a collective action. See *Bitner v. Wyndham Vacation Resorts, Inc.*, 304 F.R.D. 354, 357 (W.D. Wis. 2014); *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) (explaining "[t]he conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action").

**1. Notice Stage**

At the first stage, generally referred to as the notice stage, courts determine whether the plaintiffs are similarly situated to other potential claimants. See *Barrett*, 2019 WL 4412726, at \*2. If the court finds plaintiffs are similarly situated, the court may authorize the sending of notice to the potential plaintiffs, informing them of their right to opt into the case. See *Biddings v. Lake Cty*, No. 2:09-CV-38-PRC, 2009 WL 2175584, at \*2 (N.D. Ind. July 15, 2009) ("[C]ourt-authorized notice

serves the broad remedial purpose of the FLSA and comports with the court's interest in managing its docket"); *Lamarr v. Illinois Bell Tel. Co.*, No. 15 C 8660, 2017 WL 2264348, at *2 (N.D. Ill. May 24, 2017).

To show they are similarly situated to the putative class members, "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Woods*, 140 F. Supp. 3d, at 780 (quoting *Russell v. Ill. Bell Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008)). "Courts apply the similarly situated requirement 'leniently' and 'typically' conditionally certify a representative class. *Slaughter v. Caidan Mgmt. Co.*, LLC, 317 F. Supp. 3d 981, 988 (N.D. Ill. 2018) (quoting *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010)). The similarly situated standard can be satisfied based off the pleadings and submitted affidavits. *Barrett*, 2019 WL 4412726, at *2; *Smith v. Alamo Claim Serv.*, No. 13-1481, 2015 WL 13594414, at *2 (C.D. Ill. Mar. 31, 2015).

At this stage, courts do not adjudicate the merits, and "factual disputes are resolved in favor of the plaintiff." *Bessy v. Per Mar Sec. & Research Corp.,* No. 17-CV-034-WMC, 2018 WL 1583297, at *2 (W.D. Wis. Mar. 30, 2018) (citing to *Bitner,* 304 F.R.D. 354, 357); *see also Barrett*, 2019 WL 4412726, at *2; *Marshall v. Amsted Indus., Inc.*, No. 10–CV–11, 2010 WL 2404340, at *5 (S.D. Ill. June 16, 2010) (recognizing that at the notice stage "the court does not resolve factual disputes, decide substantive issues, reach the merits, or make credibility determinations"). Declarations that are provided in support of conditional certification are not subject to the same evidentiary standards for admissibility at trial, instead they must only be based on personal knowledge. *See Howard v. Securitas Security Servs. USA, Inc.*, No. 08–C2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009); *Boyd v. Alutiig Global Solutions, LLC*, No. 11–CV–753, 2011 WL 3511085, at *6 (N.D. Ill. Aug. 8, 2011); *see also Outlaw v. Crawford,* No. 3:08–CV–356, 2010 WL 3894228, at *2 (N.D. Ind. Sept. 30, 2010) ("Personal knowledge

is not a rigid requirement; it also includes opinions and inferences grounded in observations or other first-hand experience").

### 2. Second Stage

The second stage of the certification process occurs after conditional certification, after notice, and after completion of discovery. *See Russell*, 575 F. Supp. 2d at 933. It is typically only triggered *if* the defendant moves to decertify the class—at which point courts will apply a higher standard of scrutiny to determine whether the conditionally certified collective members are truly similarly situated. *See id.*; *Hundt v. DirectSat USA, LLC*, 294 F.R.D. 101, 104 (N.D. Ill. 2013). At the second stage the court will evaluate, on the merits, whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial as a collective action. *Hundt*, 294 F.R.D. at 104. At step two, if the court finds insufficient similarities, it may revoke conditional certification or divide the class into subclasses. *See Nehelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011).

### B. Plaintiffs Have Satisfied the Minimal Burden of Proof at this Notice Stage.

Courts "look[] for no more than a 'minimal showing' of similarity." *Rottman*, 735 F. Supp. 2d at 990 (citations omitted). Plaintiffs must make a modest factual showing that they were together victims of a common policy of plan. *Russell*, 575 F. Supp. 2d at 933. Differences in employment settings such as job titles, departments, reporting relationships, or locations do not preclude conditional certification, so long as plaintiffs and the putative class members are affected by the same unlawful policies and practices. *Jirak v. Abbot Labs., Inc.*, 566 F. Supp. 2d 845, 850 *N.D. Ill. 2008) (holding "[d]efendant's argument about dissimilarities in the class is more appropriately decided at step two … after some of the factual issues can be fleshed out in discovery").

Misclassification cases are uniquely situated for conditional certification because a defendant's classification of class members as exempt (by its very nature) binds class members together as "victims

of a common policy or plan." *Comer*, 454 F.3d at 546–47; *Wlotkowski*, 267 F.R.D. at 217 (finding plaintiff and putative class members "were 'similarly situated' victims of a common policy 'that violated the FLSA—[the] misclassification of [p]laintiffs as exempt employees'"); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) (finding it "disingenuous for [defendant], on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption"). Thus, in a misclassification case, "conditional certification is appropriate 'where the plaintiffs made a modest factual showing that the nature of the work performed by all class members is at least similar to their own.'" *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-70, 2021 WL 5048399, at *3 (S.D. Ohio Nov. 1, 2021).

Importantly, this Court has already determined that Plaintiffs met the modest factual showing that Plaintiffs and the Putative Collective Members are similarly situated based on the facts related to their employment. *See* ECF No. 35, at p. 4–6.

**C.     Plaintiffs and the Putative Class Members Performed Similar Job Duties.**

Here, Plaintiffs and the Putative Class Members are similarly situated in terms of the types of insurance claims they handle, their job duties, work hours, pay, and are together victims of the same FLSA violation, misclassification. Plaintiffs' declarations show that plaintiffs handled the same type of automobile insurance policy claims and performed the same primary duties—investigating claims and resolving the same by issuing payment. *See* ECF Nos. 20-1, 20-2, 20-4, at ¶ 5; Ex. 2, at ¶ 5. Plaintiffs and the Putative Collective Members neither managed other American Family employees nor exercised discretion and independent judgment with matters to significance. *See* ECF Nos. 20-1, 20-2, 20-4, at ¶ 6; Ex. 2, at ¶ 6. Plaintiffs and the Putative Class Members performed non-exempt job duties—they gathered evidence related to injury claims, spoke with customers, reviewed medical bills and records, and issued payments. *See* ECF Nos. 20-1, 20-2, 20-4, at ¶ 5; Ex. 2, at ¶ 5.

Plaintiffs' declarations show they all worked overtime hours. *See* ECF Nos. 20-1, 20-2, 20-4, at ¶ 11; Ex. 2, at ¶ 11. Plaintiffs' declarations also show they were all paid a salary but no overtime. *See* ECF Nos. 20-1, 20-2, 20-4, at ¶ 10; Ex. 2, at ¶ 10. Plaintiffs' pleadings and declarations go well beyond Plaintiffs' 'minimal burden' and show they are similarly situated. *See Bitner,* 304 F.R.D. 354, 362 (certifying a class of sales representatives based on allegations contained in a single declaration).

Plaintiffs and the Putative Class Members in this case are similarly situated within the meaning of 29 U.S.C. § 216(b). They are all current and former adjusters who worked for American Family during the relevant time-period and were subjected to the same illegal policy—they were all misclassified as exempt employees and denied overtime pay. Consistent with Plaintiff's allegations, Defendant's Answer specifically alleges that Plaintiff and all Putative Class Members "are exempt from federal and state law requiring overtime compensation." *See* ECF No. 13 PageID #2. Defendant recognizes that that all of its Casualty Med Pay No-Fault Claims Adjusters "work in all 50 states, have the same general job duties, and are paid on a salary basis." *See* ECF No. 35 (citing Declaration of Dan Restad, ECF No. 32, at ¶¶ 5–6 and 8) Plaintiffs' complaint and affidavits, as well as Defendant's Answer, are sufficient evidence at this stage for this Court to conditionally certify the class. *See id.*; *see also* ECF Nos. 1, 13.

**D.    Plaintiffs Loch and Ochs Are Adequate Representatives of the Respective Sub-Classes**

In denying conditional certification initially, this Court noted that defenses particular to the purported release agreement Plaintiff Loch signed rendered her an insufficient representative of the collective because their claims were not aligned with those members of the collective who did *not* executed purported releases. *See* ECF No. 35, p. 6.  Plaintiff Loch now seeks to represent those other individuals who *did* execute purported releases, recognizing that many members of the Collective likely signed the same purported release that she and Plaintiffs Grandbois and Kocina signed, such that their claims and defenses are again aligned. Plaintiff Ochs did not sign a release agreement and is available

to serve as the collective representative for those individuals who did *not* sign a release agreement, ensuring adequacy of representation. This Court correctly noted that Plaintiff Ochs only has third-year claims against Defendant, but the application of the statute of limitations is a merits-based argument best addressed at the second stage. *See Pop v. Permco, Inc.*, No. 5:19-CV-00659, 2019 WL 4154480, at *4 (N.D. Ohio Sept. 3, 2019) (refusing to limit the collective at the conditional certification stage); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 n.3 (E.D. Tex. 2011) (declining to make a determination at the conditional certification stage "about the appropriateness of the three years statute of limitations as willfulness is a question of fact to be decided later in the case").

### E.     The Court Should Approve Plaintiffs' Proposed Notice and Process

The benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989). "Because non-party plaintiffs must opt into a collective action, the efficiencies enabled by such actions can only be realized if 'employees receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate'" *Petersen v. Marsh USA, Inc.*, No. 10 C 1506, 2010 WL 5423734, at *6 (N.D. Ill. 2010) (quoting *Sperling*, 493 U.S. at 170). Plaintiff requests that the Court authorize sending of the attached Amended Proposed Notice and Consent (Exhibit 1) to all Putative Class Members, so as to provide them a meaningful opportunity to understand their rights and to join this litigation if they so choose.

American Family should be ordered to produce a list, in electronic and importable format, of all Putative Class Members, including their names, dates of employment, last-known mailing addresses, last-known telephone numbers, and email addresses.[6] Courts throughout the Seventh

---

[6] Plaintiffs have removed their request for the last four digits of the Putative Collective Members' social security numbers, but respectfully request that this Court require Defendant to provide the Putative Collective

Circuit (and the United States) routinely require defendants to produce this information when granting conditional certification motions. *See Dennis v. Greatland Home Health Servs., Inc.,* No. 19 C 5427, 2020 WL 606784, at *4 (N.D. Ill. Feb. 7, 2020) (explaining producing dates of employment is not needlessly burdensome as defendants must already use that information to determine who worked within the last three years); *Slaughter*, 317 F. Supp. 3d at 994; and, *Hoffman-La Roche*, 493 U.S. at 170 (holding district courts have the authority to compel the production of contact information of employees). This Court should also authorize a 60-day opt-in period. *See Pfefferkorn v. PrimeSource Health Grp., LLC*, No. 17-CV-1223, 2019 WL 354968, at *6 (N.D. Ill. Jan. 29, 2019).

Plaintiff seeks to send the notice through three trusted delivery methods (U.S. postal mail, email, and via text-message) to ensure it is received.[7] *See Greatland Home Health*, 2020 WL 606784, at *4 (ordering notice be sent via U.S. mail, email, and text-message); *Owens v. GLH Capital Enter., Inc.*, No. 3:16-CV-1109-NJR-SCW, 2017 WL 2985600, at *5 (S.D. Ill. July 13, 2017) (same); *Brashier v. Quincy Prop., LLC*, No. 3:17-CV-3022, 2018 WL 1934069, at *6 (C.D. Ill. Apr. 24, 2018) (allowing text-message notice); *Rosebar v. CSWS, LLC*, No. 18 C 7081, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020) (same). Sending notice via multiple methods furthers the broad remedial goals of the FLSA. *See Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016) (recognizing that sending notice by multiple methods advances the remedial purpose of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive the notice).

---

Members' phone numbers so that notice may be disseminated via text message, as discussed in greater detail, *infra*.

[7] Plaintiff requests that the Putative Class Members be given the option to execute their consent forms on-line through an electronic signature service. This service allows Putative Class Members to sign their consent form electronically by clicking on a link in an encrypted email or text-message designated only for that user, which in turn takes to them to a website where they can review the document they are signing, click a box indicating they have read and understood the consent form and insert information such as their name and date. Users are instantaneously provided with a PDF copy of the form they signed, and a copy of the form is made accessible to Plaintiff's counsel who will in turn file the same with the Court, just as if such document had been received via regular mail.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court, pursuant to § 16(b) of the FLSA, enter an order:

(1) Conditionally certifying the proposed FLSA collectives as defined herein;

(2) Implementing a procedure whereby Court-approved Notice of Plaintiffs' FLSA claims is sent (via U.S. Mail, e-mail, and text-message) to the conditionally certified collective; and

(3) Requiring Defendant to, within fourteen (14) days of this Court's order, identify all Putative Class Members by providing a list in electronic and importable format, of the names, addresses, phone number, and e-mail addresses of all Putative Class Members who worked for Defendant during the Relevant Time Period.

Date: April 3, 2023

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Locke Henry**
Texas Bar No. 24118408
locke@a2xlaw.com
Carter Hastings
Texas Bar No. 24101879
carter@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiffs and the Putative Class Members*

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with Defendant's counsel and Defendant is opposed to the relief requested in this Motion.

*/s/ Clif Alexander*
Clif Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Wisconsin using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander