UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| **JOAN LOCH,**<br>**Individually and on behalf**<br>**of all others similarly situated**<br><br>    Plaintiff,<br><br>**AMERICAN FAMILY MUTUAL**<br>**INSURANCE COMPANY, S.I.**<br><br>    Defendant. | Civil Action No. 3:2022-cv-00213<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b)<br><br>CLASS ACTION PURSUANT TO FED. R.<br>CIV. P. 23 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CONDITIONAL CERTIFICATION**

### I.    INTRODUCTION

On March 3, 2023, this Court denied Plaintiff Joan Loch's ("Loch") motion for conditional certification without prejudice. At the same time, the Court authorized Loch to "substitute" a plaintiff who could adequately represent "the collective" and instructed her to fix defects in her proposed notice. Loch ignored the Court's order.

First, rather than identify a plaintiff who could adequately represent "the collective," Loch proposes not one, but two new collectives. The Court's order did not permit a new collective, much less two of them. Second, despite the Court's order allowing her to "substitute" a "new named plaintiff," Loch proposes that she remain as a representative of one of the two (new) proposed collectives and that Nancy Ochs serve as the representative for the other. But this Court already ruled that "Ochs is not an adequate representative" because her primary FLSA claim is "time-barred." Finally, Loch failed to correct defects this Court identified in her proposed notice. The Court should deny Plaintiff's amended motion for conditional certification with prejudice.

## II.   STATEMENT OF FACTS

This Court is generally familiar with this case's background. (*See* Doc. No. 35). As relevant here, on April 13, 2022, Plaintiff Joan Loch filed her Complaint, proposing an FLSA collective of:

> [a]ll current and former personal injury protection adjusters, med pay adjusters, and no-fault adjusters who worked for American Family Mutual Insurance Company anywhere in the United States, at any time from April 7, 2019 through the final disposition of this matter.

(Doc. 1 ¶ 47). Along with Loch, Sharon Kocina, Nancy Ochs, and Camile Grandbois filed consents. (Doc. 3-1; Doc. 3-2; Doc. 3-3). Since the initiation of this action, no others have joined the litigation.

### *The Court Denies Loch's Motion for Conditional Certification Without Prejudice.*

On June 29, 2022, Loch moved for conditional certification of the collective identified in her Complaint. (Doc. 19). American Family resisted, arguing among other things that Loch, Grandbois, and Kocina were not similarly situated to other putative collective members because they had waived their FLSA claims in exchange for compensation in settlement agreements. (*See* Doc. 31 at 2). American Family also argued that Ochs was not similarly situated to other putative collective members, because she had no actionable FLSA claim within the two-year statute of limitations. (*Id.*). The Court essentially agreed within American Family. (*See* Doc. 35 at 6).

On March 3, 2023, the Court denied conditional certification, explaining that Loch, Grandbois, and Kocina "are not similarly situated to the members of the collective that they seek to represent." (*Id.*). As a result, their claims, as well as American Family's defenses to them, are "fundamentally different" from those of "adjusters who did not execute a settlement agreement." (*Id.*). The Court reasoned also that the interests of Loch, Grandbois, and Kocina are not aligned with putative collective members, because "they already received payments that they have an

interest in keeping." (*Id.*). As for Ochs, the Court unmistakably ruled that she "is not an adequate representative because her employment ended in March 2020, making her primary FLSA claim time-barred as of the April 13, 2022 filing of her notice of consent to join this lawsuit." (*Id.*). The Court thus rejected Loch's motion.

However, the Court gave Loch "an opportunity to name a plaintiff or plaintiffs who adequately represent the collective" by moving to amend "to substitute the named plaintiff" and by renewing her conditional certification motion. (*Id.* at 7). The Court also instructed Loch to clarify the relevant period of the proposed collective. (*Id.*). Finally, the Court identified a series of defects in Loch's proposed notice, directing Loch to "file a revised notice that corrects these problems or explains why they should not be corrected." (*Id.* at 8). The Court specified that its review of the renewed motion would be limited to the adequacy of the collective representative, the period used to define the collective, and the notice process. (*Id.* at 7).

### ***Loch Creates Two New Classes and Re-identifies a Representative.***

On April 3, 2023 Loch moved for leave to amend her Complaint (Doc. 37), and filed an amended motion for conditional certification (Doc. 39; Doc. 40; Doc. 40-1; Doc. 41). Rather than substitute a new plaintiff as representative of the collective identified in her initial Complaint, Loch proposed—almost a year after she filed this case—two new separate collectives:

> All current and former casualty med pay no-fault adjusters who worked for American Family Mutual Insurance Company anywhere in the United States, at any time from April 7, 2019 through the final disposition of this matter who signed a voluntary severance and release agreement; and
>
> All current and former casualty med pay no-fault adjusters who worked for American Family Mutual Insurance Company anywhere in the United States, at any time from April 7, 2019 through the final disposition of this matter who did not sign a voluntary severance and release agreement.

(Doc. 37-1 ¶ 55; *see* Doc. 40 at 3). Loch identifies herself as the representative of the collective of those who signed the settlement and release. (Doc. 37-1 ¶ 55 n.4). The proposed amendment

3

identifies Nancy Ochs as representative of the proposed collective which did not sign a settlement and release agreement. (*Id.* ¶ 55 n.5). Given Loch's deliberate disregard of this Court's Order, the Court should deny conditional certification with prejudice.

### III.   ARGUMENT AND AUTHORITIES

**A.   Loch's Attempt to Create Two New Separate Collectives and Add a New Representative Violates this Court's Order.**

"[W]here the plain terms of a court order unambiguously apply, as they do here, they are entitled to their effect." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009). "Judicial orders must, unless stayed, be obeyed even when wrong." *Emps. Ins. of Wausau v. El Banco De Seguros Del Estado*, 357 F.3d 666, 671–72 (7th Cir. 2004). This Court has discretion to interpret its own orders. *See Hastert v. Illinois State Bd. of Election Comm'rs*, 28 F.3d 1430, 1438 (7th Cir. 1993). Since Loch has repeatedly violated the Court's order, the Court should deny conditional certification. (*See* Doc. 35).

1. Loch proposes not one, but two, new collectives, in violation of the Court's Order.

First, the Court did not authorize Loch to propose a new collective, much less two of them, nearly a year after this case started. Instead, the Court unambiguously instructed Loch to "name a plaintiff or plaintiffs who adequately represent the collective." (Doc. 35 at 6–7). But Loch failed to identify a plaintiff or plaintiffs who can adequately represent "the collective" that she proposed in her initial Complaint in April 2022. By proposing two new separate collectives, Loch defied the Court's order to identify an adequate representative of the collective she previously defined.

2. Loch's attempt to add, rather than substitute, an adequate representative violates the Court's order.

Second, the Court authorized Loch to "substitute" an adequate representative. (*Id.* at 7). Yet Loch instead proposes to remain as representative of one of the "*two* collectives," while proposing Nancy Ochs to serve as the representative of the other. (*See* Doc. 40 at 3). Loch seeks

4

to add Ochs as a new named plaintiff, even though the Court's order unmistakably authorized her only to "substitute" a plaintiff or identify "a new named plaintiff." (Doc. 35 at 7). Addition is not substitution.

> 3. Loch ignores the Court's finding that Ochs is not an adequate representative, because her claims are time-barred, in violation of the Court's order.

Loch's identification of Nancy Ochs as a collective representative is, by itself, a flagrant violation of the Court's order. This Court has already decisively found that Ochs "is not an adequate representative because her employment ended in March 2020, making her primary FLSA claim time-barred as of the April 13, 2022 filing of her notice of consent to join this lawsuit." (*Id.* at 6). Despite her apparent disagreement with the Court's ruling, Loch did not seek reconsideration. *Cf.* Fed. R. Civ. P. 60. Loch cannot breathe life back into Ochs's expired claims by tapping her as the representative of an unauthorized collective.

> 4. Loch failed to correct defects in the proposed notice, in violation of the Court's order.

Those core violations of the Court's order are not all. Loch also failed to correct "problems" with the proposed notice. (Doc. 35 at 7). To start, although the Court balked at Plaintiff's proposal for a 90-day notice period, Plaintiff's notice again references a 90-day notice period (Doc. 40-1 at 3 n.3), as does the proposed order (Doc. 39-1 at 2). At the same time, Plaintiff urges the Court to "authorize a 60-day opt-in period." (Doc. 40 at 10). True to form, the discrepancy is unexplained.

The Court also noted that in previous cases it has rejected requests for telephone numbers, observing that this is personal and private information of non-parties needing protection. (Doc. 35 at 8). In authorizing Loch to renew her conditional-certification motion here, the Court permitted Loch to provide "an explanation of the need" for that information if Plaintiff's counsel believed they had "special need" for it. (*Id.*). Even so, Plaintiff merely recycles her request for phone

5

numbers of putative collective members, claiming that Plaintiff's counsel needs them "so that notice may be disseminated via text message." (Doc. 40 at 9 n.6). This once again flouts the Court's order. The Court already explained that "residential and email addresses should be adequate to provide notice," and Plaintiff falls well short of explaining any "special need" for notice by additional means. (Doc. 35 at 8). Plaintiff's failure to address the issues identified by the Court with her proposed notice violates the Court's order.

5. <u>Loch's violation of the Court's order prejudices American Family's ability to oppose conditional certification.</u>

Loch's defiance of the Court's order deeply prejudices American Family. To start with, Loch proposed just a single collective nearly a year ago. (Doc. 1 ¶ 47). Her effort to now expand this litigation from a single collective into two new ones, without authorization, deprives American Family of "the elementary and fundamental requirement of due process in any proceeding which is to be accorded finality": "notice" and "an opportunity to present [] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (observing under civil-procedure rules that a defendant is entitled to "'fair notice of what the claim is and the grounds upon which it rests'" (citation omitted)).

Even putting that aside, in denying Plaintiff's previous motion, the Court expressly limited consideration of the renewed motion to just three issues:

> (1) whether the newly named plaintiffs are adequate representatives; (2) the period to be used in defining the collective; and (3) the notice process.

(Doc. 35 at 7). Loch has effectively stripped American Family of the chance to argue that Loch lacks evidence that similarly situated employees exist. American Family cannot both comply with the Court's order limiting the issues to the three specified and also oppose Plaintiff's proposed collectives on grounds ordinarily available to a party opposing conditional certification. (*Cf.* Doc.

6

No. 31 at 7–16 (arguing that Loch is not similarly situated to other potential collective members)). The Court should not tolerate Plaintiff's violation of its order.

Because Plaintiff violated the Court's order, the Court should deny conditional certification with prejudice. *See Travelers Indem.*, 557 U.S. at 150; *Emps. Ins. of Wausau*, 357 F.3d at 671–72.

## IV.   CONCLUSION

Defendant American Family respectfully requests that the Court enter an order:

(1)   Denying Plaintiff's amended motion for conditional certification with prejudice.

Respectfully submitted,

Dated: April 13, 2023

*/s/ Brandon R. Underwood*
Bridget R. Penick (IA AT#6147)
Brandon R. Underwood (IA AT#12005)
Kendra D. Simmons (IA AT#26286)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309
Telephone:  515.242.8900
bpenick@fredlaw.com
bunderwood@fredlaw.com
ksimmons@fredlaw.com

Dated: April 13, 2023

*/s/ Joseph M. Sokolowski*
Joseph M. Sokolowski (MN #0178366) (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000
jsokolowski@fredlaw.com

***Attorneys for Defendant***

## Certificate of Service

The undersigned certifies that on April 13, 2023, the foregoing document was electronically filed with the Clerk of Court using the EDMS system which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

/s/ *Christina Laage*