IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOAN LOCH, individually and on behalf of all others similarly situated,

                      Plaintiff,

    v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

                      Defendant.

OPINION and ORDER

22-cv-213-jdp

---

       This is a proposed class and collective action for unpaid overtime wages under the Fair Labor Standards Act and Minnesota state law. The court previously denied plaintiff's motion to conditionally certify a collective because neither plaintiff Joan Loch nor any opt-in member were adequate representatives. But the court gave plaintiff's counsel an opportunity to correct this problem and address a few questions. Now Loch has moved to amend her complaint to create two new collectives with separate representatives, conditionally certify the new collectives, and send notice. Dkt. 37; Dkt. 39.

       The court will grant the motion to amend, conditionally certify one of the collectives, appoint Loch as the collective's representative, and approve the content of the notice with minor revisions. The court will not yet conditionally certify the second collective because the designated representative is not a member of that collective. But the court will allow plaintiff's counsel an additional 30 days to find an adequate representative to be added as a named plaintiff. The court will wait to approve distribution of the notice until it makes a final decision on the second collective.

ANALYSIS

**A. Revised collectives**

Loch previously defined the proposed collective as "[a]ll current and former Personal Injury Protection, Med-Pay and/or No-Fault Adjusters who worked for American Family Casualty Ins. Co., anywhere in the United States, at any time from April 7, 2019, through the final disposition of this matter." Dkt. 20, at 1-2. The court concluded that it could conditionally certify the collective. But it held that Loch and opt-in plaintiffs Camille Grandbois, Sharon Kocina, and Nancy Ochs could not serve as representatives because they were not similarly situated to the members of the collective. Specifically, Loch, Grandbois, and Kocina had all executed a voluntary separation agreement and release of claims when they left American Family in 2020. So their FLSA claims, American Family's defense to them, and their interest in keeping their severance payments are fundamentally different from adjusters who did not execute a settlement agreement. As for Ochs, her employment ended in March 2020, making her primary FLSA claim time-barred as of the April 13, 2022 filing of her notice of consent to join this lawsuit. *See* 29 U.S.C. § 255(a) (two-year statute of limitations for FLSA claims, except willful violations may be commenced within three years).

Rather than naming a new representative as the court suggested, Loch seeks to amend her complaint and conditionally certify two new collectives of current and former casualty med pay no-fault adjusters[1] during the same time period: (1) those who signed a voluntary severance and release agreement; and (2) those who did not sign a voluntary severance and release agreement. Loch proposes that she represent the first collective and that Ochs—who never

---

[1] At the court's direction, Loch has changed the job title to reflect the one used by American Family since 2019.

2

signed a separation agreement—represent the second collective. American Family objects, arguing that Loch's proposed change exceeds the scope of the court's previous order.

The court does not object to splitting the original collective into two collectives to account for any release agreements signed by the adjusters. But the court has concerns with the relevant time period for the collectives and with Ochs serving as the representative for the collective of adjusters who did not sign a release.

### 1. Time period

In its previous order, the court questioned why notice would be sent only to members who worked for American Family within the past three years (2020 to 2023) instead of all members of the proposed collective (those employed since April 2019). Loch explains that she defined the time period of the collective to encompass her personal FLSA claims but recognized that notice should be sent only to those individuals who would not be time-barred from pursuing their FLSA claims against defendant.

It does not make sense to define the collectives to include members whose claims will be time-barred just to accommodate the timely claims of Loch or the other plaintiffs who opted in early. So the time period for both collectives will be limited to the past three years (May 1, 2020 to the final disposition of this matter). Loch and the other early opt-in plaintiffs may proceed only on individual claims for the 2019-2020 time period. The court authorizes plaintiff's counsel to file an amended complaint that names the current opt-ins as individual plaintiffs and includes their individual claims.

## 2. Representatives

The proposed amendment to create two collectives addresses the court's concern with Loch serving as a representative. Her claims are typical of the newly proposed collective of adjusters who signed a severance and release agreement.

But Ochs is not a member of the collective of adjusters who did not sign an agreement. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."). She last worked for American Family in March 2020. In addition, her claim is limited to a willful violation of the statute, so she does not have the same interest and did not suffer the same injury as the other collective members. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("The presence of even an arguable defense peculiar to the named plaintiff . . . may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation.").

Plaintiff's counsel dismisses the court's concern, contending that the statute of limitations is a merits-based argument best addressed at the second stage of collective certification. But the two cases they cite in support of this contention do not say that a class member with a partially-expired claim may serve as its representative. *See Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 n.3 (E.D. Tex. 2011) (declining to make determination about appropriateness of three-year statute of limitations in class definition because willfulness is question of fact for later stage); *Pop v. Permco, Inc.*, No. 19-cv-659, 2019 WL 4154480, at *4 (N.D. Ohio Sept. 3, 2019) (rejecting as premature defendant's argument that plaintiffs' allegations insufficient to trigger three-year statute of limitations for willful

4

violation). The court concludes that Ochs is not an adequate representative for the proposed collective of adjusters who did not sign a separation and release agreement.

The court will allow plaintiff's counsel another 30 days to identify an adequate representative for the second collective. If they are unable to do so, only the limited collective represented by Loch will be part of this case.

**B.  Notice**

In its previous order, the court observed the following problems related to notice:

- The notice failed to advise putative collective members of the binding effect of any future judgment—including trial or settlement—if they opt in to the collective.

- Although the notice discussed legal representation, it did not discuss how class counsel will be paid.

- The opt-in period of 90 days, with a reminder notice to be sent to collective members after 45 days, is much longer than that usually approved by the court.

- Plaintiff's counsel did not demonstrate any special need for the phone numbers and partial social security numbers of putative collective members.

Loch has filed a new proposed notice that corrects these problems with one exception. Dkt. 40-1. Loch requests a 60-day opt-in period. Although the proposed notice has been corrected to reflect this change, a footnote still states that the response deadline will be "90 days after the Notice is mailed." *See id.* at 3 n.3. It appears that the footnote is for the court's reference only, but plaintiff's counsel should be aware of the typographical error in preparing the final notice for distribution.

In compliance with the court's previous order, the notice now advises members of the following regarding any future judgment, settlement, and attorneys' fees:

> If you submit a Consent to Join Wage Claim form and become a part of this case your claims will be bound by any decision of this

> Court, or the jury. You will also be giving the Plaintiffs in this case the authority to settle your claims on your behalf, and you will be bound by any Court-approved settlement agreement entered in this action.
>
> \* \* \*
>
> Should Plaintiffs succeed at trial, American Family will be statutorily required to pay Plaintiffs' attorneys' fees. Should the Parties settle this matter, Plaintiffs' attorneys' fees may be paid as a percentage of the settlement amount. However, in no event will you be required to pay any [attorneys'][2] fees unless Plaintiffs are successful.

Dkt. 40-1, at 4.

The only remaining issue is that the notice should be revised to reflect the correct definition(s) of the new collective(s), including the relevant time period. In the event that plaintiff's counsel is able to find an adequate representative for the second collective, they should explain whether they will distribute one notice to both collectives or separate notices to each collective.

Loch has rescinded her request for the last four digits of the collective members' social security numbers. She continues to ask that American Family provide any members' phone numbers on file so that notice may be disseminated via text message in addition to U.S. mail and email. *See Dennis v. Greatland Home Health Servs., Inc.*, 438 F. Supp. 3d 898, 902 (N.D. Ill. 2020) ("[A]ny moderate intrusion caused by such a text message is outweighed by the interest in apprising all potential class members of this action."). The court agrees that distributing notice by mail, email, and text message is appropriate. After the court determines whether the second collective will be conditionally certified, it will set a deadline for American Family to

---

[2] The notice contains a typographical error that should be corrected.

6

provide plaintiff's counsel the following information about putative collective members in an electronic and importable format: names, dates of employment, positions of employment, locations of employment, and last-known mailing addresses, telephone numbers, and email addresses.

Loch also requests that members be given the option of executing their consent forms on-line through an electronic signature service. This service allows members to click on a link in an encrypted email or text-message designated only for that user, which in turn takes to them to a website where they can review the document they are signing, click a box indicating they have read and understood the consent form and insert information such as their name and date. Users are instantaneously provided with a PDF copy of the form they signed, and a copy of the form is made accessible to plaintiff's counsel who will file the form with the court. The court approves the use of an electronic signature service.

The court will give plaintiff's counsel an opportunity to file a revised notice or notices that correct the problems identified in this order. The court will wait to approve distribution of the notice until it decides whether to conditionally certify a second collective.

ORDER

IT IS ORDERED that:

1. Plaintiff Jean Loch's motion for leave to file an amended complaint with two new collectives, Dkt. 37, is GRANTED. Plaintiff also may amend the complaint to name Camille Grandbois, Sharon Kocina, and Nancy Ochs as individual plaintiffs and include their individual claims. Plaintiff has until May 12, 2023, to file the amended complaint as a separate document.

2. Plaintiff's amended motion for conditional certification, Dkt. 39, is GRANTED in part and DENIED in part:

    a. The following collective is certified under 29 U.S.C. § 216(b):

> All current and former casualty med pay no-fault claims adjusters who worked for American Family Mutual Insurance Company anywhere in the United States at any time from May 1, 2020, through the final disposition of this matter, and who signed a voluntary severance and release agreement.

    b. Plaintiff Loch is appointed as the collective representative.

    c. Plaintiff's motion is DENIED without prejudice in all other respects.

3. Plaintiff may have until May 31, 2023, to file a motion to add an additional named plaintiff to represent a second collective and modify the notice to the collective(s) as explained in this order. Defendant will have 10 days from the filing of plaintiff's submissions to respond.

Entered May 1, 2023.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge