IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOAN LOCH, individually and on behalf of all others similarly situated,

                Plaintiff,

  v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

                Defendant.

OPINION and ORDER

22-cv-213-jdp

---

This is a proposed class and collective action for unpaid overtime wages under the Fair Labor Standards Act and Minnesota state law. The court has conditionally certified a collective consisting of current and former casualty med pay no-fault adjusters who signed a voluntary severance and release agreement with defendant American Family Insurance Company, and it named plaintiff Joan Loch as the collective representative. *See* Dkts. 45-46. But the court asked Loch to revise the proposed notice to reflect the correct definition and time period of the collective and a 60-day opt-in period. Loch has submitted a revised notice with these changes. Dkt. 47.

American Family approves the notice with one exception; it objects to the fact that Loch reworded the court's definition of the collective definition in the notice. Dkt. 48. In its May 1, 2023 order, the court conditionally certified a collective of:

> All current and former casualty med pay no-fault claims adjusters who worked for American Family Mutual Insurance Company anywhere in the United States at any time from May 1, 2020, through the final disposition of this matter, and who signed a voluntary severance and release agreement.

Dkt. 45, at 8. But Loch's revised notice places the limitation related to the release agreement in the middle of the definition:

> All current and former Casualty Med Pay No-Fault Claims Adjusters who worked for American Family Mutual Insurance and signed a voluntary severance and release agreement, anywhere in the United States, at any time from [three years prior to notice] through the final disposition of this matter.

Dkt. 47, at 1.

American Family argues that the court's definition is clearer and will prevent individuals from wrongfully attempting to opt in to the collective. Loch says that American Family's fears are unfounded because the notice will be sent only those members falling within the defined collective. But Loch is willing to use the court's collective definition. So the court will approve distribution of the notice with this change.

ORDER

IT IS ORDERED that:

1. Plaintiff Jean Loch may have until August 28, 2023, to correct the notice in accordance with this order and disseminate the notice to the collective in the manner approved in the court's May 1, 2023 order.

2. By August 7, 2023, defendant American Family Mutual Insurance Company shall provide plaintiff's counsel with the following information about putative collective members in an electronic and importable format: names, dates of employment, positions of employment, locations of employment, and last-known mailing addresses, telephone numbers, and email addresses.

Entered July 24, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge