IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOAN LOCH,
individually and on behalf of all others similarly situated,

                      Plaintiff,

  v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY,

                     Defendant.

OPINION and ORDER

22-cv-213-jdp

---

      Plaintiff Joan Loch worked as a claims adjuster for American Family Mutual Insurance Company. She contends that American Family violated both the Fair Labor Standards Act (FLSA) and Minnesota wage-and-hour law by improperly classifying her and other similarly situated employees as exempt from overtime pay requirements. The court conditionally certified an FLSA collective comprised of "all current and former casualty med pay no-fault claims adjusters who worked for American Family Mutual Insurance Company anywhere in the United States at any time from May 1, 2020, through the final disposition of this matter, and who signed a voluntary severance agreement." Dkt. 45. After plaintiff provided notice to the putative collective, seven more people opted in. Dkts. 3-1–3-3 and Dkts. 54–57.

      The parties now jointly move for approval of their settlement agreement, which resolves all claims for Loch and the seven other plaintiffs who opted in to the collective. Approval of a federal collective settlement under the FLSA is governed by 29 U.S.C. § 216(b). FLSA settlements are not subject to the exacting approval requirements of Federal Rule of Civil Procedure 23 because they do not bind class members who have not opted in. But the court must still review the settlement agreement to determine whether it "represents a fair and

reasonable resolution of a *bona fide* dispute." *Butz v. Automation Sols. of Am., Inc.*, No. 16-cv-696-jdp, 2017 WL 5713986, at *1 (W.D. Wis. Nov. 7, 2017). The court considers the reasonableness of an FLSA collective action settlement agreement "in light of the best possible recovery [and] all the risks of litigation," *Id.* (quoting *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010)).

The court will deny the parties' motion for approval without prejudice, so the parties can file a new motion that addresses several concerns.

First, the parties don't explain whether the seven opt-in members have been notified or approve of this settlement. The settlement agreement is signed only by named plaintiff Loch and contains no provisions for notifying the other collective members prior to distributing the settlement checks. Because the settlement covers only eight people, it is unnecessary as a practical matter to go through the full process of preliminary approval, notification, and a fairness hearing. But the members of the collective must still be notified and have a chance to object to the settlement. The parties should submit signed agreements from all eight collective members with their renewed motion. If they cannot obtain signed agreements from all eight members, they should explain why.

Second, the parties haven't fully explained how they calculated the amount of overtime the collective members worked. The parties assume that each collective member worked an average of 45 hours per week, but they don't explain why they are assuming that all collective members worked the same amount of overtime or why 45 hours is a reasonable estimate of the hours worked each week. The parties use the 45-hour work week assumption to calculate the maximum possible recovery and to allocate the settlement between the collective members, so

2

the court cannot evaluate the reasonableness of the amount or allocation of the settlement without knowing the basis for the 45-hour work week assumption.

Third, the parties have not provided enough information to determine what an appropriate discount is. The parties say that plaintiffs will receive 72 percent of their maximum possible recovery and they correctly point out that this court has approved discounts lower than that. Dkt. 64, at 8 (citing *Allen v. Lanier, Inc.*, case no. 22-cv-00268-jdp (W.D. Wis. May 15, 2023)). But the reasonableness of a discount depends on the specific factual and legal issues in dispute and the accordant costs, risks, and delay of trial and appeal. *See Butz*, 2017 WL 5713986 at *1. The parties address the reasonableness of the discount only in general terms, stating that the likelihood of success is uncertain, that both liability and damages are disputed, and that litigating the case on its merits would "require substantial additional time and an exercise of resources by both sides." Dkt. 64, at 7–8. That is too vague and general to be helpful.

Neither side filed dispositive motions in this case, so the court does not know what the strengths and weaknesses of the claims are. The parties need to provide more information about the claims and defenses to allow the court to assess whether the parties have applied an appropriate discount. For example, what are the specific factual and legal issues disputed by the parties on the merits, what was the basis for each side's position on that dispute, and how did the parties assess their likelihood in prevailing on the disputes? The parties need not submit briefs detailing all of the potential arguments, but they must provide the court with some basis for assessing the risks of deciding the case on the merits.

Fourth, the parties should provide more specific information about the $2,500 incentive award for named plaintiff Loch. In determining an appropriate amount for an incentive award, a court evaluates "the actions the plaintiff has taken to protect the interests of the class, the

3

degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). In this case, collective counsel describe the named plaintiff's contributions to the case in general terms, making it difficult for the court to evaluate whether the proposed award is appropriate. See Dkt. 66, ¶ 14 (Loch "has been active and involved in the litigation and provided information that allowed us to evaluate her claims as well as those of the Opt-In Plaintiffs."). The requested amount doesn't appear unreasonably high, but the parties must still explain the basis for the amount.

Fifth, the settlement agreement provides that one-half of each collective member's payment shall be treated as taxable wages, but they don't explain the basis for this number. The parties should explain why one-half is a reasonable portion to treat as taxable wages.

Sixth, the settlement agreement states that the parties "will retain a Settlement Administrator for the purpose of administering notice, payment, tax reporting, and other obligations of the Stipulation of Settlement." Dkt. 67, § 8.1. The agreement says that the administrator's fee will come from the class fund; it doesn't say how much the fee is, but subtracting the other amounts in the settlement agreement from the gross settlement amount leaves $1,529.05 remaining, so the court presumes that amount is the administrator's fee. It is common to retain a settlement administrator in collective or class actions to facilitate settlement distribution, but it's not clear why it's reasonable to do so here when the collective comprises only eight people. The parties should explain further why the settlement administrator's fee is reasonable in this case.

Seventh, Loch's counsel has requested $23,100 in attorney fees and costs. Counsel contends that the fee is reasonable because it represents one-third of the total settlement of

4

$70,000, which is within the range generally approved within this circuit and is less than the 40 percent allowed by the contingency agreement the named plaintiff signed. *See Pearson v. NBTY, Inc.*, 772 F.3d 778, 782–83 (7th Cir. 2014). But this court requires a lodestar cross check even when collective counsel relies on the percentage-of-recovery method to justify its fees. *See Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014) (holding that courts have discretion to apply either percentage-of-recovery method or lodestar method). This cross check means that counsel's motion for attorney fees must comply with the court's procedures for fee petitions, which are available in the attachment to Dkt. 27, at page 39. Among other things, the procedures require counsel to include billing records showing that their fees are reasonable. Counsel may not seek credit for time spent on their unsuccessful motions for preliminary approval and certification.

ORDER

IT IS ORDERED that that the parties' motion for approval of their settlement, Dkt. 63, is DENIED without prejudice. The parties may have until June 24, 2025, to file a new motion.

Entered May 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge