# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | | |
|---|---|---|
| JOAN LOCH,<br>Individually and on behalf<br>of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, S.I.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-00213-JDP |

## DECLARATION OF CLIF ALEXANDER

I, Clif Alexander, being of sound mind and over the age of 18, make the following statements.

1.      The facts contained in this declaration are within my personal knowledge and are true and correct.

2.      I am a co-founding partner of Anderson Alexander, PLLC, and have served as lead counsel for Plaintiff Loch and the Opt-In Plaintiffs (collectively, "Plaintiffs") in this case.

3.      I submit this declaration in support of the Plaintiffs' Amended Unopposed Motion for Settlement Approval and Dismissal with Prejudice ("Amended Motion"). I have reviewed the Amended Motion, the supporting Memorandum, and the facts contained therein. They are true and correct, to the best of my knowledge.

4.      Anderson Alexander, PLLC is a plaintiff and employee-side law firm that was founded in 2016 by me and my partner, Austin W. Anderson. Our firm practices almost exclusively in the area of labor and employment—specifically, in wage and hour law throughout the United States. We devote 95% of our practice to representing workers in class and collective actions under the Fair Labor Standards Act, 29 U.S.C. S$ 201-19, and various state wage laws. I, and the attorneys who performed services in this matter, have extensive experience litigating complex collective actions, like the mater pending before this Court. Since 2016, we have represented hundreds of thousands of employees through collective and class actions seeking unpaid wages for work performed throughout the United States.

5.      I have spent my career litigating collective, class and mass action lawsuits and have been lead counsel in hundreds of individual, collective, and class action wage and hour cases across the United States. I have been licensed for seventeen (17) years and focus my practice on representing wage and hour clients throughout the United States.

6.    I received my J.D. from South Texas College of Law-Houston in 2008. I am licensed to practice law in the State of Texas and admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Federal Circuit, and the Fourth, Fifth, and Eleventh Circuits. I am also admitted to practice in the following federal district courts: the Southern, Western, Eastern, and Northern Districts of Texas, the Court of Federal Claims, the District of Colorado, the Central District of Illinois, District of New Mexico, and the Eastern District of Michigan. I have litigated cases, either as an admitted attorney, or pro hac vice, in the federal district courts of Arizona, Utah, Washington, California, New Mexico, Colorado, Oklahoma, Iowa, Kansas, Kentucky, Missouri, Pennsylvania, Ohio, Illinois, Texas, Louisiana, Mississippi, Arkansas, Georgia, Alabama, Florida, Tennessee, South Carolina, Virginia, Wisconsin, Michigan, Vermont, New York, Massachusetts, Maine, and North Carolina.

7.    I am involved in many professional organizations and keep abreast of the ever-changing body of laws related to employment on a federal and state level. I am a member of the American Association for Justice ("AAJ"), National Employment Lawyers Association ("NELA"), the Texas Employment Lawyers Association ("TELA"), and the Texas Trial Lawyers Association ("TTLA"), and regularly attend and speak at their conferences. I am also very active in my local bar association and long served as a director and president for the Corpus Christi Young Lawyers Association and the Corpus Christi Bar Association. I also participate in multiple employment-specific listservs. My hourly rate is $650.00, and that rate is reasonable for an attorney of my skill and expertise in this District.

8.    Austin W. Anderson, a co-founding member of Anderson Alexander, PLLC has also taken a lead role in the litigation of this matter. Mr. Anderson has also spent his career litigating class and mass action lawsuits and has been lead counsel in hundreds of individual, collective, and class action wage and hour cases across the United States. Mr. Anderson has been licensed for twenty (20) years and focuses his practice on representing wage and hour clients throughout the United States.

9.    Mr. Anderson received his J.D. from St. Mary's School of Law in 2003 and subsequently received his L.L.M. in trial advocacy from California Western in 2004. Mr. Anderson is licensed to practice law in the State of Texas and is admitted to practice before the U.S. Court of Appeals for the Fourth and Fifth Circuits, the Southern, Eastern, Western, and Northern Districts of Texas, the Central District of Illinois, the District of New Mexico, and the Eastern District of Michigan. He has litigated cases, either as an admitted attorney, or pro hac vice, in the federal district courts of Arizona, Arkansas, California, Washington, New Mexico, Oklahoma, Iowa, Pennsylvania, Ohio, Kentucky, Illinois, Texas, Louisiana, Georgia, Alabama, Florida, South Carolina, Tennessee, North Carolina, Missouri, Utah, New York, Massachusetts, Maine, Vermont and Virginia.

10.    Mr. Anderson is involved in many professional organizations and keeps abreast of the ever-changing body of laws related to employment on a federal and state level. He is a member of the National Employment Lawyers Association ("NELA"), the Texas Employment Lawyers Association ("TELA") and the Texas Trial Lawyers Association ("TTLA") and regularly attends their conferences. Mr. Anderson is also active in the local bar associations and participates in multiple employment-specific listservs. Mr. Anderson's hourly rate is $650.00 and that rate is reasonable for an attorney of his skill and expertise in this District.

11.    Lauren Braddy is a Partner at Anderson Alexander, PLLC and has also performed work on behalf of Plaintiffs in this matter. Ms. Braddy has been licensed for more than fifteen (15) years and graduated with honors from Baylor University School of Law in 2010. Early in her career, Ms. Braddy served as defense counsel representing large and small corporations with a nation-wide docket in federal and state courts and subsequently worked as a staff attorney for the Thirteenth Court of Appeals in Corpus Christi, Texas. Ms. Braddy joined our firm in 2015, and has been with Anderson Alexander, PLLC since its inception in 2016. Over the last decade, Ms. Braddy has focused on representing plaintiffs across the United States in complex representative actions, including class and collective alleging violations of federal and state laws. Ms. Braddy is admitted to practice before the United States Supreme Court, the Court of Appeals for the Fourth, Fifth, and Eleventh Circuits, the Southern, Western, Eastern, and Northern Districts of Texas, the Court of Federal Claims, the District of Colorado, the Central District of Illinois, the District of New Mexico, and the Eastern District of Michigan. Ms. Braddy has litigated cases, either as an admitted attorney, or pro hac vice, in the federal district courts of Arizona, California, New Mexico, Colorado, Oklahoma, Iowa, Pennsylvania, Ohio, Texas, Louisiana, Virginia, Utah, and Alabama. Ms. Braddy is involved in many professional organizations and is a member of the Trial Lawyers Association ("TTLA"), the National Employment Lawyers Association ("NELA"), the Texas Employment Lawyers Association ("TELA") and has been a speaker for multiple events, both at national conferences and locally within her community. Ms. Braddy is very active in her local bar associations and had long served as a director for the Corpus Christi Young Lawyers Association and is a former President for the Coastal Bend Women Lawyers Association. Ms. Braddy's typical hourly rate is $550.00 an hour, and that rate is reasonable for an attorney of her skill and expertise in this District.

12.    Carter Hastings is a Partner at Anderson Alexander, PLLC.  Mr. Hastings received his J.D. from Southern Methodist University in Dallas in 2016. He has been licensed for nine (9) years and focuses his practice on representing wage and hour clients throughout the United States.  Mr. Hastings has spent his career litigating collective, class, and mass action lawsuits and has been counsel in hundreds of individual, collective, and class action wage and hour cases. He is licensed to practice law in the State of Texas and is admitted to practice in the following district courts: the Southern, Western, Eastern, and Northern Districts of Texas, the Northern District of Illinois, the Central District of Illinois, and the Eastern District of Michigan. Mr. Hastings has litigated cases, either as an admitted attorney, or pro hac vice, in the federal district courts of Arizona, Utah, Washington, California, New Mexico, Colorado, Oklahoma, Kansas, Kentucky, Missouri, Pennsylvania, Ohio, Illinois, Texas, Louisiana, Arkansas, Georgia, Alabama, Florida, Tennessee, South Carolina, Virginia, Wisconsin, Michigan, Vermont, New York, and North Carolina.  Mr. Hastings is involved in many professional organizations and keeps abreast of the ever-changing body of laws related to employment on a federal and state level. He is a member of the National Employment Lawyers Association ("NELA"), and the Texas Employment Lawyers Association ("TELA"). He is also very active in my local bar association and served as a director and president for the Corpus Christi Young Lawyers Association. Mr. Hastings also participates in multiple employment-specific listservs and has presented several Continued Learning Education seminars on Wage and Hour topics. Mr. Hastings' hourly rate in this case is $450.00, and that amount is commensurate with the amount reasonably charged by other legal practitioners of his skill and experience specializing in collective and class actions arising under the Fair Labor Standards Act ("FLSA") and related state wage and hour laws in this District.

13.    Mr. Anderson and I, together with other attorneys at our firm, have represented hundreds of thousands of employees in collective and class action wage and hour litigation since 2016. As such, I can verify that I am familiar not only with this complex area of the law, but that I am also familiar with the claims in this case.

14.    Prior to reaching the settlement, we engaged in initial informal discovery, reviewed Defendant's policies, payroll data, and documents produced, and crafted a damage model that allowed us to meaningfully negotiate on behalf of the Plaintiffs. Ultimately, the agreement we secured provides Plaintiffs with 73% of their available damages, utilizing a three-year statute of limitations, and including liquidated damages. These numbers are based on an average 45-hour work week, which we determined to be reasonable after a review of the documents provided by Defendant and extensive conversations with Plaintiffs. Based on our due diligence, I can represent that the Settlement Agreement reached herein is fair and reasonable, and I believe it constitutes an exceptional result for the Plaintiffs.

15.    The attorneys at Anderson Alexander, PLLC have worked over 100 hours in the litigation of this matter for a total fee amount of $48,530.00. Mr. Anderson and I were also involved in the litigation of this matter and remained active participants in developing the litigation strategy and ultimate decision making. Although Mr. Anderson and I each had approximately ten (10) hours in this case, we have not included our time as it would be duplicative of time spent by the attorneys more actively involved in the day-to-day aspects of the litigation. Likewise, we did not include the time spent by attorneys Locke Henry or Cliff Gordon although they also played a vital role in working on the lawsuit.

16.    The attorneys at Anderson Alexander, PLLC keep their time to the tenth of an hour, and that is a reasonable time-keeping practice. I have reviewed the billing entries submitted to the Court and have further reduced the time billed to reflect the adjusted lodestar amount of $27,560.00.[1] The billing records are attached to this Declaration as Exhibit A.

| Time-Keeper | Time | Rate | Fee | Adjusted Fee |
|---|---|---|---|---|
| Lauren Braddy | 32.6 | $550.00 | $17,930.00 | $3,080.00 |
| Carter Hastings | 68 | $450.00 | $30,600.00 | $24,480.00 |
| **Totals** | **100.6** | | **$48,530.00** | **$27,560.00** |

17.    Anderson Alexander, PLLC has also incurred litigation expenses in the amount of $1,431.22. We do not seek to recover these fees separately and note the requested amount of $23,100.00 is inclusive of attorneys' fees and costs.

---

[1] The requested rates of $550.00 for Ms. Braddy and $450.00 for Mr. Hastings are reasonable and reflect rates charged (and approved) by other practitioners before the Western District of Wisconsin. *See* Declaration of Caitlin M. Madden, filed in *Neeck v. Badger Brothers Moving LLC,* Case No. 19-cv-834, ECF No. 29 (W.D. Wis. Apr. 22, 2021), attached as Exhibit B (noting partner rates of $500.00 in this district as of 2021); *Clements v. WP Operations, LLC,* No. 19-cv-1051, ECF No. 81 (W.D. Wis. Nov. 28, 2022), attached as Exhibit C (noting partner rates of $450.00 in this district as of 2022).

**Case Expense Report**
3:22-cv-00213-jdp;
Loch v. American Family Mutual Insurance Co.

| Description | Amount |
| --- | --- |
| Service of Process on American Family Mutual Insurance Co. | $150.09 |
| PHV Fees | $676.00 |
| Westlaw | $49.64 |
| Postage | $100.79 |
| Hawks Quindel Expenses: Filing Complaint, Service | $454.70 |
| Total: | $1,431.22 |

18.     Further litigation through trial would require substantial risk and additional time and resources. The Parties would fully engage in discovery practice, serving (and responding to) written discovery and taking depositions of the parties and relevant fact witnesses. The Parties would then likely file their respective dispositive motions after the close of discovery. Because of the fact specific nature of misclassification claims, it is unlikely that either party would prevail through summary disposition. The Parties would ultimately try this case to a jury, leaving each side with exceptional risk and additional expenses. The extensive discovery and motion practice remaining further highlights that the proposed Settlement Agreement provides the best result for Plaintiffs as it provides them substantial financial relief now, as opposed to some future continent date.

19.     The attorney-client contract between Plaintiffs' Counsel and Plaintiff Loch provides for representation on a contingent fee basis. Plaintiffs' Counsel agreed to cover all case expenses and litigation costs (up to and including being responsible for Defendant's statutory costs in the event it prevailed on the merits). The contract provides that Plaintiffs' Counsel is entitled to a 40% contingency fee of the gross settlement amount, in addition to reimbursement of litigation costs and expenses actually incurred. Here, we agreed to accept a lesser percentage of the gross settlement amount, and it is inclusive of litigation costs and expenses. Moreover, in choosing to accept representation and engage in the litigation of this matter, Plaintiffs' Counsel was unable to accept other promising cases.

20.     We further request approval of a $2,500.00 Service Award for Plaintiff Loch as consideration for her services to Opt-In Plaintiffs and a general release of all claims against Defendant. Plaintiff Loch was responsible for moving forward with this action and being willing to publicly affix her name to the lawsuit. Being associated as the named plaintiff in a lawsuit to recover unpaid wages has the potential to cause Plaintiff Loch reputational risk in the future. A Google search of Ms. Loch's name returns information regarding this lawsuit as it is a matter of public record that she filed suit against her former employer. Though the Opt-In Plaintiffs are party plaintiffs in this matter, their names (and their participation in this lawsuit) are not as easily discovered.

21.     Ms. Loch has been active and involved in the litigation and provided information that allowed us to evaluate her claims as well as those of the Opt-In Plaintiffs. In total, Ms. Loch has spent eight (8) hours conferring with counsel, beginning with her intake and ending with the Settlement Agreement before the Court. Without Plaintiff Loch's assistance, the Settlement would not exist today.

22.     Each Plaintiff has now individually executed the Settlement Agreement. Their respective signature pages are attached as Exhibit D to this declaration.

23.     Based on the foregoing, the undersigned declarant respectfully requests that the Court approve the Settlement between the Parties and authorize the manner and method of the distribution of the settlement, as discussed therein.

24.     I declare under the penalty of perjury that the foregoing information is true and correct.

*Clif Alexander*

Executed on: 6/24/25 21:24 CDT          By: _____

                                                          Clif Alexander

---

# Exhibit A

| Time Records for Anderson Alexander, PLLC | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Time-Keeper | Task | Time | Rate | Billing | Adjustment | Fee |
| 3/12/22 | Carter Hastings | Perform initial intake of Joan Loch. | 1.10 | $450.00 | $495.00 | | $495.00 |
| 3/23/22 | Carter Hastings | Call with Joan Loch, discussed plan for case, reviewed job duties again, explained case process and timeline, answered questions. | 0.80 | $450.00 | $360.00 | | $360.00 |
| 3/25/22 | Carter Hastings | Initial intake of Sharon Kocina. | 0.90 | $450.00 | $405.00 | | $405.00 |
| 3/25/22 | Carter Hastings | Initial intake of Nancy Ochs | 1.00 | $450.00 | $450.00 | | $450.00 |
| 3/25/22 | Carter Hastings | Initial intake of Camile Grandbois | 1.00 | $450.00 | $450.00 | | $450.00 |
| 4/5/22 | Carter Hastings | Draft Complaint | 5.10 | $450.00 | $2,295.00 | | $2,295.00 |
| 4/6/22 | Carter Hastings | Reviewed edits to complaint, answered comments, finalized for filing. | 0.80 | $450.00 | $360.00 | | $360.00 |
| 6/7/22 | Carter Hastings | Check in call with Joan Loch, answered questions, explained status of case. | 0.50 | $450.00 | $225.00 | | $225.00 |
| 6/22/22 | Carter Hastings | Reviewed Answer. | 0.60 | $450.00 | $270.00 | $270.00 | $0.00 |
| 6/22/22 | Carter Hastings | Spoke with Joan Loch and drafted declaration | 1.50 | $450.00 | $675.00 | | $675.00 |
| 4/1/23 | Carter Hastings | Spoke with Nancy Ochs and drafted declaration | 1.80 | $450.00 | $810.00 | | $810.00 |
| 6/23/22 | Carter Hastings | Spoke with Camile Grandbois and drafted declaration | 1.50 | $450.00 | $675.00 | | $675.00 |
| 6/24/22 | Carter Hastings | call with Camile Grandbois, discussed job duties, status of case. | 0.40 | $450.00 | $180.00 | | $180.00 |
| 6/24/22 | Carter Hastings | Spoke with Sharon Kocina and drafted declaration | 1.60 | $450.00 | $720.00 | | $720.00 |
| 6/25/22 | Carter Hastings | Drafted Motion for Conditional Certification | 3.10 | $450.00 | $1,395.00 | $1,395.00 | $0.00 |
| 6/25/22 | Carter Hastings | Research Judge's prior MCC rulings | 2.00 | $450.00 | $900.00 | | $900.00 |
| 6/26/22 | Carter Hastings | Continued drafting Motion for Conditional Certifications | 1.20 | $450.00 | $540.00 | $540.00 | $0.00 |
| 6/26/22 | Carter Hastings | Continued drafting Motion for Conditional Certifications | 2.50 | $450.00 | $1,125.00 | $1,125.00 | $0.00 |
| 7/13/22 | Carter Hastings | emailed OC to set up rule 26f report. | 0.20 | $450.00 | $90.00 | | $90.00 |
| 7/19/22 | Carter Hastings | Emailed OC to follow up on 26f meeting | 0.10 | $450.00 | $45.00 | | $45.00 |
| 7/19/22 | Carter Hastings | drafted R26f report and sent to OC | 2.00 | $450.00 | $900.00 | | $900.00 |
| 7/20/22 | Carter Hastings | R26f meeting with OC | 0.60 | $450.00 | $270.00 | | $270.00 |
| 7/22/22 | Carter Hastings | Reviewed edits to R26f report by OC | 0.40 | $450.00 | $180.00 | | $180.00 |
| 7/22/22 | Carter Hastings | Discussed some R26f edits with OC | 0.30 | $450.00 | $135.00 | | $135.00 |
| 3/3/23 | Carter Hastings | Read Order granting and denying in part MCC | 0.70 | $450.00 | $315.00 | | $315.00 |
| 3/4/23 | Carter Hastings | Called left vm and text for Nancy Ochs | 0.10 | $450.00 | $45.00 | | $45.00 |
| 3/5/23 | Carter Hastings | Called left vm and text for Nancy Ochs | 0.10 | $450.00 | $45.00 | | $45.00 |
| 3/6/23 | Carter Hastings | Called left vm and text for Nancy Ochs | 0.10 | $450.00 | $45.00 | | $45.00 |

| Date | Name | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 3/10/23 | Carter Hastings | Called left vm and text for Nancy Ochs | 0.10 | $450.00 | $45.00 | | $45.00 |
| 3/14/23 | Carter Hastings | Drafted Amended Motion for Conditional Certification | 1.20 | $450.00 | $540.00 | $540.00 | $0.00 |
| 3/14/23 | Carter Hastings | Spoke to Nancy Ochs about amendment, case status, court order on certification. | 0.50 | $450.00 | $225.00 | | $225.00 |
| 3/16/23 | Carter Hastings | Drafted Amended Motion for Conditional Certification | 2.30 | $450.00 | $1,035.00 | $1,035.00 | $0.00 |
| 4/1/23 | Carter Hastings | Drafted MFL 1st Amend | 0.80 | $450.00 | $360.00 | | $360.00 |
| 4/2/23 | Carter Hastings | Drafted MFL Declaration for Carter Hastings | 0.40 | $450.00 | $180.00 | | $180.00 |
| 4/2/23 | Carter Hastings | Drafted Amended Complaint | 1.00 | $450.00 | $450.00 | | $450.00 |
| 4/3/23 | Carter Hastings | Edited and finalized the motion for leave and the amended complaint | 0.75 | $450.00 | $337.50 | | $337.50 |
| 4/4/23 | Carter Hastings | Spoke to Nancy Ochs about Declaration, amended declaration and had her sign | 1.00 | $450.00 | $450.00 | | $450.00 |
| 6/7/23 | Carter Hastings | Read Court's Order on MCC | 0.50 | $450.00 | $225.00 | | $225.00 |
| 9/21/23 | Carter Hastings | drafted scheduling recommendations and sent to OC | 0.50 | $450.00 | $225.00 | | $225.00 |
| 9/21/23 | Carter Hastings | Spoke to OC about scheduling recommendations | 0.30 | $450.00 | $135.00 | | $135.00 |
| 12/6/23 | Carter Hastings | Reviewed Time and Payroll Data for Plaintiff and Opt-in | 3.60 | $450.00 | $1,620.00 | | $1,620.00 |
| 12/6/23 | Carter Hastings | Confer with Plaintiffs regarding the information reflected in the data provided by OC | 2.40 | $450.00 | $1,080.00 | | $1,080.00 |
| 12/6/23 | Carter Hastings | Review payroll documents provided by Plaintiffs in peparation for preparing damage model | 0.80 | $450.00 | $360.00 | | $360.00 |
| 12/7/23 | Carter Hastings | Created damage model from time and payroll data | 2.50 | $450.00 | $1,125.00 | | $1,125.00 |
| 12/7/23 | Carter Hastings | Reviewed Time and Payroll Data for Plaintiff and Opt-in | 2.30 | $450.00 | $1,035.00 | | $1,035.00 |
| 12/8/23 | Carter Hastings | Edited damage model | 1.30 | $450.00 | $585.00 | | $585.00 |
| 1/4/24 | Carter Hastings | Telephone conference with J. Loch regarding resolution | 0.70 | $450.00 | $315.00 | | $315.00 |
| 1/3/24 | Carter Hastings | Discussed potential resolution to case and damages with WCA | 0.75 | $450.00 | $337.50 | | $337.50 |
| 1/4/24 | Carter Hastings | Spoke to OC over the phone about settlement | 0.50 | $450.00 | $225.00 | | $225.00 |
| 1/12/24 | Carter Hastings | Emailed OC about settlement demand | 0.10 | $450.00 | $45.00 | | $45.00 |
| 1/18/24 | Carter Hastings | Spoke to OC over the phone about settlement | 0.30 | $450.00 | $135.00 | | $135.00 |
| 1/30/24 | Carter Hastings | Spoke to OC over the phone about settlement | 0.30 | $450.00 | $135.00 | | $135.00 |
| 2/27/24 | Carter Hastings | Spoke to OC over the phone about settlement | 0.30 | $450.00 | $135.00 | | $135.00 |
| 5/31/24 | Carter Hastings | Spoke to OC about settlement draft. | 0.30 | $450.00 | $135.00 | | $135.00 |
| 7/25/24 | Carter Hastings | Reviewed settlement prepared by OC | 0.30 | $450.00 | $135.00 | $135.00 | $0.00 |
| 7/25/24 | Carter Hastings | Spoke to LB about settlement details | 0.30 | $450.00 | $135.00 | | $135.00 |
| 7/31/24 | Carter Hastings | draft notice of settlement | 0.30 | $450.00 | $135.00 | | $135.00 |

| Date | Timekeeper | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 8/5/24 | Carter Hastings | called left vm and text for Joan Loch | 0.30 | $450.00 | $135.00 | | $135.00 |
| 8/7/24 | Carter Hastings | Discuss settlement terms, answer questions with Joan Loch | 0.50 | $450.00 | $225.00 | | $225.00 |
| 8/20/24 | Carter Hastings | Reviewed the motion to file under seal prepared by OC | 0.30 | $450.00 | $135.00 | | $135.00 |
| 8/21/24 | Carter Hastings | Discussed the motion to file under seal with OC via email. | 0.30 | $450.00 | $135.00 | | $135.00 |
| 9/17/24 | Carter Hastings | Reviewed and edited motion to approve | 1.40 | $450.00 | $630.00 | $630.00 | $0.00 |
| 9/19/24 | Carter Hastings | Reviewed OC's edits to the motion to approve, discussed with LB | 1.00 | $450.00 | $450.00 | $450.00 | $0.00 |
| 9/23/24 | Carter Hastings | Spoke to OC and LB over email about Court order on motion to seal | 0.50 | $450.00 | $225.00 | | $225.00 |
| 6/9/25 | Carter Hastings | Discussed Court ruling with Joan Loch, answered questions, explained potential timelines for settlement | 0.50 | $450.00 | $225.00 | | $225.00 |
| 6/9/25 | Carter Hastings | left vm and text message for Sharon Kocina | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/9/25 | Carter Hastings | left vm and text message for Nancy Ochs | | $450.00 | $0.00 | | $0.00 |
| 6/9/25 | Carter Hastings | left vm and text message for Camile Grandbois | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/9/25 | Carter Hastings | left vm and text for Janet Wambach | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/9/25 | Carter Hastings | Discussed Court ruling with Kristie Peroni, reviewed Settlement terms, and answered questions. | 0.40 | $450.00 | $180.00 | | $180.00 |
| 6/9/25 | Carter Hastings | Called left vm and text for Jayme Fritzges | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/9/25 | Carter Hastings | left vm and text for Natalie Martin | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/10/25 | Carter Hastings | Discussed Court ruling with Sharon Kocina, reviewed Settlement terms, and answered questions. | 0.70 | $450.00 | $315.00 | | $315.00 |
| 6/10/25 | Carter Hastings | Discussed Court ruling with Nancy Ochs, reviewed Settlement terms, and answered questions. | 0.50 | $450.00 | $225.00 | | $225.00 |
| 6/10/25 | Carter Hastings | Discussed Court ruling with Camile Grandbois, reviewed Settlement terms, and answered questions. | 0.60 | $450.00 | $270.00 | | $270.00 |
| 6/10/25 | Carter Hastings | Discussed Court ruling with Janet Wambach, reviewed Settlement terms, and answered questions. | 0.80 | $450.00 | $360.00 | | $360.00 |
| 6/10/25 | Carter Hastings | Called left vm and text for Jayme Fritzges | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/10/25 | Carter Hastings | left vm and text for Natalie Martin | 0.10 | $450.00 | $45.00 | | $45.00 |
| 6/11/25 | Carter Hastings | Discussed Court ruling with Jayme Fritzges, reviewed Settlement terms, and answered questions. | 0.60 | $450.00 | $270.00 | | $270.00 |
| 6/11/25 | Carter Hastings | Discussed Court ruling with Natalie Martin, reviewed Settlement terms, and answered questions. | 0.50 | $450.00 | $225.00 | | $225.00 |
| 4/6/22 | Lauren Braddy | Review and edit draft complaint in preparation for filing | 0.80 | $550.00 | $440.00 | | $440.00 |
| 4/8/22 | Lauren Braddy | Review final original complaint with edits incorporated prior to filing | 0.20 | $550.00 | $110.00 | $110.00 | $0.00 |

| Date | Name | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 6/20/22 | Lauren Braddy | Review and edit draft declaration of J. Loch | 0.50 | $550.00 | $275.00 | | $275.00 |
| 6/22/22 | Lauren Braddy | Review and edit draft declaration of Sharon Kocina | 0.20 | $550.00 | $110.00 | | $110.00 |
| 6/23/22 | Lauren Braddy | Review Defendant's Original Answer. | 0.90 | $550.00 | $495.00 | | $495.00 |
| 6/24/22 | Lauren Braddy | Review and edit draft declaration of Cammy Grandbois | 0.20 | $550.00 | $110.00 | | $110.00 |
| 6/27/22 | Lauren Braddy | Review draft Motion for Conditional Certification and edit the same | 1.60 | $550.00 | $880.00 | $880.00 | $0.00 |
| 6/27/22 | Lauren Braddy | Review and edit proposed order granting conditional certification | 0.40 | $550.00 | $220.00 | $220.00 | $0.00 |
| 6/29/22 | Lauren Braddy | Review draft Notice and Consent to be filed with Motion for Conditional Certification | 0.60 | $550.00 | $330.00 | $330.00 | $0.00 |
| 8/11/22 | Lauren Braddy | Review Defendant's response to MCC and Draft outline for MCC reply in preparation for drafting reply. | 2.10 | $550.00 | $1,155.00 | $1,155.00 | $0.00 |
| 8/11/22 | Lauren Braddy | Review declaration of Dan Ralstad, submitted by Defendant in support of its opposition to Plaintiffs' MCC | 0.30 | $550.00 | $165.00 | $165.00 | $0.00 |
| 8/14/22 | Lauren Braddy | Perform legal research in support of Reply and begin drafting Reply | 4.70 | $550.00 | $2,585.00 | $2,585.00 | $0.00 |
| 8/17/22 | Lauren Braddy | Finalize reply and prepare for filing | 0.50 | $550.00 | $275.00 | $275.00 | $0.00 |
| 3/3/23 | Lauren Braddy | Receive and review Order Denying Plaintiff's MCC without prejudice | 0.60 | $550.00 | $330.00 | | $330.00 |
| 3/31/23 | Lauren Braddy | Review Order denying MCC and review CH's draft amended motion capturing changes requested by court. | 2.70 | $550.00 | $1,485.00 | $1,485.00 | $0.00 |
| 4/1/23 | Lauren Braddy | Draft amended notice and consent for amended MCC | 0.70 | $550.00 | $385.00 | $385.00 | $0.00 |
| 4/3/23 | Lauren Braddy | Review draft First Amended Complaint and approve for filing. | 0.20 | $550.00 | $110.00 | | $110.00 |
| 4/3/23 | Lauren Braddy | Review N. Ochs Declaration | 0.30 | $550.00 | $165.00 | | $165.00 |
| 4/13/23 | Lauren Braddy | Review Defendant's opposition to Amended MCC | 0.50 | $550.00 | $275.00 | $275.00 | $0.00 |
| 6/7/23 | Lauren Braddy | Review Order denying MCC with prejudice | 0.20 | $550.00 | $110.00 | | $110.00 |
| 6/9/24 | Lauren Braddy | Review draft settlement agreement provided by OC and edit the same | 1.50 | $550.00 | $825.00 | | $825.00 |
| 9/18/24 | Lauren Braddy | Draft approval motion | 6.80 | $550.00 | $3,740.00 | $3,740.00 | $0.00 |
| 9/19/24 | Lauren Braddy | Draft declaration of WCA for his review and execution | 0.90 | $550.00 | $495.00 | $495.00 | $0.00 |
| 5/27/25 | Lauren Braddy | Review order denying motion for settlement approval and conver with CH and WCA re changes necessary for approval | 0.20 | $550.00 | $110.00 | | $110.00 |
| 6/20/25 | Lauren Braddy | Draft Amended motion for settlement approval | 3.80 | $550.00 | $2,090.00 | $2,090.00 | $0.00 |
| 6/23/25 | Lauren Braddy | Draft amended declaration for WCA | 1.20 | $550.00 | $660.00 | $660.00 | $0.00 |
| **Totals:** | | | **100.60** | | **$48,530.00** | **$20,970.00** | **$27,560.00** |

| | | | |
|---|---|---|---|
| Carter | $30,600.00 | $24,480.00 | 68.00 |
| Lauren | $17,930.00 | $3,080.00 | 32.60 |

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CONNOR NEECK**
and **ISAIAH WEST**,
individually and on behalf
of all others similarly situated,

    Plaintiffs,

         Case No. 19-cv-834

   vs.

**BADGER BROTHERS MOVING LLC**,

    Defendant.

---

## DECLARATION OF CAITLIN M. MADDEN IN SUPPORT OF UNOPPOSED MOTION FOR CLASS COUNSEL'S COSTS AND ATTORNEYS' FEES

---

I, Caitlin M. Madden, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. I am one of the attorneys representing Plaintiffs and the classes in the above-captioned matter.

2. I am a senior associate at Hawks Quindel, S.C., and graduated from the University of Wisconsin Law School in 2014. I have represented employees in employment discrimination and wage and hour matters in front of this Court, including the following wage and hour class actions: *Bitner v. Wyndham Vacation Resorts,* No. 13-cv-451, (W.D. Wis. Conley, J.); *Nordgren v. Epic Systems Corp.*, No. 13-cv-840 (W.D. Wis., Crabb, J.); *Holmes v. Roadview, Inc.*, No. 15-cv-004 (W.D. Wis., Peterson, J.); *Black v. Renaissance Learning, Inc.*, No. 15-cv-635 (W.D. Wis.,

Peterson, J.); *Hoffmaster v. Coating Place, Inc.*, 16-cv-258 (W.D. Wis. Conley, J.); *Rogers-Coxhead v. Glass Nickel Pizza,* No. 16-cv-706 (W.D. Wis. Conley, J.); *Marroquin v. KleenMark Services Corp.,* No. 17-cv-426 (W.D. Wis. Peterson, J.); *Goplin v. WeConnect, Inc.,* No. 17-cv-773 (W.D. Wis. Peterson, J.); *Lopez v. Great Divide Ambulance Services,* No. 18-cv-492 (W.D. Wis., Conley, J.); *King v. Trek Travel,* No. 18-cv-345 (W.D. Wis., Conley, J.); *Hoverson v. Pan-O-Gold,* No. 18-cv-817 (W.D. Wis. Peterson, J.); *DiSalvo v. CRM US, Inc.,* No. 19-cv-425 (W.D. Wis. Peterson, J.). My current hourly rate is $325/hour.

3.     David C. Zoeller is a shareholder at Hawks Quindel, S.C., and received his J.D. from the University of Wisconsin Law School in 2007. His practice at Hawks Quindel, S.C., and formerly at Nichols Kaster, PLLP, has primarily focused on representing employees in class action and individual wage and hour matters. He has served as class counsel in numerous wage and hour class actions in this Court and others, including: *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.,* No. 11-cv-592 (W.D. Wis., Conley, J.); *Berndt v. Cleary Bldg. Corp.,* No. 11-cv-791 (W.D. Wis., Conley, J.); *Nordgren v. Epic Systems Corp.,* No. 13-cv-840 (W.D. Wis., Crabb, J.); *Holmes v. Roadview, Inc.,* No. 15-cv-004 (W.D. Wis., Peterson, J.); *Turner, et al. v. Superior Satellite, Inc.,* No. 11-cv-92 (W.D. Wis., Conley, J.); *Black v. Renaissance Learning, Inc.,* No. 15-cv-635 (W.D. Wis., Peterson, J.); *Wilcox, et al. v. Alternative Entertainment, Inc., et al.,* No. 09-cv-659 (W.D. Wis., Crabb, J.) .); *DiSalvo v. CRM US, Inc.,* No. 19-cv-425 (W.D. Wis. Peterson, J.). Mr. Zoeller's current hourly rate is $500/hour.

4.      Vanessa A. Kuettel graduated from the University of Wisconsin Law School in 2014. She has represented employees in wage and hour matters in front of this Court, including the following wage and hour class actions: *Goplin v. WeConnect, Inc.*, No. 17-cv-773 (W.D. Wis. Peterson, J.); *King v. Trek Travel*, No. 18-cv-345 (W.D. Wis., Conley, J.); and *Hoverson v. Pan-O-Gold*, No. 18-cv-817 (W.D. Wis. Peterson, J.); *DiSalvo v. CRM US, Inc.*, No. 19-cv-425 (W.D. Wis. Peterson, J.). Ms. Kuettel previously practiced as an attorney with Legal Action of Wisconsin, representing individuals in public benefits and landlord/tenant issues. Ms. Kuettel's hourly rate when she left the firm in January 2021 was $325/hour.

5.      Natalie L. Gerloff graduated from the University of Wisconsin Law School in 2020. She performed work on this file as a law clerk. Ms. Gerloff's hourly rate as a law clerk was $100/hour.

6.      Connor J. Clegg is a current student at the University of Wisconsin Law School and will graduate in May of 2021. He performed work on this file as a law clerk. Mr. Clegg's hourly rate as a law clerk is $100/hour.

7.      Class Counsel in this matter have recently petitioned for, and been awarded, attorneys' fees in several individual wage and hour arbitrations. In those matters, Attorney Zoeller has been awarded fees at a rate of $500 per hour, and Attorneys Madden and Kuettel have been awarded fees at a rate of $375 per hour.

8.      At the outset of this case, Class Counsel entered into a fee agreement with Named Plaintiffs establishing that Counsel would be compensated on a contingent basis and Counsel's fee would be one-third of the recovery in this case plus

3

actual costs.

9.    Prior to filing, Class Counsel investigated the case by conferring with Named Plaintiffs, reviewing pay stubs, and reviewing the law pertaining to the calculation of overtime, compensation for pre- and postliminary tasks, and unlawful deductions under Wisconsin state law.

10.    After filing suit, Class Counsel served discovery requests on Defendant. The majority of the documents produced by Defendant were time clock and payroll data for the putative Rule 23 class as well as records tracking the payment of bonuses.

11.    Class Counsel administered the notice process for the FLSA collective class, which involved mailing notice to over 100 putative FLSA collective class members, locating updated addresses for undeliverable notices, and responding to phone calls and emails from class members with questions about the suit.

12.    Class Counsel spent a considerable amount of time analyzing data produced by Defendant for the purposes of identifying the Rule 23 class and calculating damages.

13.    Because much of data produced by Defendant was provided in .pdf form, a paralegal manually inputted thousands of data points into an Excel spreadsheet in order to create a damages model. (*See* dkt. 23, Decl. of David C. Zoeller in Supp. of Unopposed Mot. for Prelim. Approval of Class Action Settlement, ¶ 6.)

14.    Using the information in the damages model, Class Counsel had discussions with FLSA collective class members to estimate the amount of unpaid

time worked per shift and calculated the unpaid off-the-clock work.

15. Class Counsel calculated the damages for the unlawful deductions by determining the amount of "basic performance compensation," or "BPC," that each class member had earned based on their hours worked for each month and identified the periods when class members were paid less than their earned BPC due to deductions for faulty workmanship.

16. Class Counsel identified each pay period in which class members worked over 40 hours in a workweek, after accounting for the off-the-clock time, and calculated the amount of additional overtime premium due using the method set forth in 29 C.F.R. § 778.120(a)(1).

17. Class Counsel presented Defendant with a demand for class-wide resolution on June 9, 2020, in advance of the parties' scheduled mediation.

18. The parties engaged in a full-day mediation with Magistrate Judge Oppeneer on June 17, 2020.

19. Disagreement during the negotiations centered on whether the class would prevail on their off-the-clock claim, the proper measure of time to include for off-the-clock tasks, and whether the class would succeed with their unlawful deductions claim.

20. All negotiations were held at arm's length and by counsel with significant experience with class wage and hour claims.

21. After the parties reached an agreement to resolve the matter, Class Counsel worked with Defendant's counsel to write the Settlement Agreement and

5

prepare the briefing in support of preliminary approval.

22. Following this Court's granting of preliminary approval of the settlement, Class Counsel sent Notice to all 96 Rule 23 class members on February 22, 2021 by U.S. mail and electronic mail.

23. Following dissemination of the Notice, Class Counsel responded to telephone calls and emails from settlement class members requesting further information about the settlement, class members' rights, and the legal effects of joining or opting out of the settlement.

24. During the 45-day notice period, nine Notices sent by U.S. mail were returned as undeliverable. Class Counsel searched for updated addresses using Lexis and re-sent Notices to those class members that they could locate. As of the close of the notice period on April 8, 2021, only one Notice remains undeliverable.

25. At the close of the 45-day notice period, no class member had filed an objection to the settlement and two class members had excluded themselves.

26. The fully-liquidated value of the class members' claims, assuming that all possible penalties and a third year of damages would be awarded, and with a minimum claim value of $20.00, amounts to $55,766.65. Assuming the petition for attorneys' fees and costs is granted, the amount available to the class is $44,666.67.

27. The initial allocations to the two excluding class members total $276.88. After excluding these allocations from the fund available to the class, $44,169.79 of the available settlement fund has been claimed, or 99.4%.

28. Initial allocations of settlement amounts for settlement class members

# Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MITCHELL CLEMENTS
on behalf of himself and all
others similarly situated,

      Plaintiff,                     Case No.: 19-cv-1051

      v.

WP OPERATIONS, LLC

      Defendant

---

## DECLARATION OF SCOTT S. LUZI

---

I, Scott S. Luzi, declare under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

2. I was admitted to the Bar of the State of Wisconsin in 2010. I am also admitted to practice before the United States District Courts for the Eastern and Western Districts of Wisconsin, as well as the United States Court of Appeals for the Seventh Circuit. Most of my professional time and efforts have involved representing employees in employment matters, particularly wage and hour matters.

3. I worked as an Associate for the employment law firm of Heins Law Office LLC from approximately June 2010 to March 2012. In March 2012, I started my own law practice with Attorney James A. Walcheske. I am the co-founder and co-Managing Partner of Walcheske & Luzi, LLC.

4. I am a member of the Wisconsin Employment Lawyers Association, the National Employment Lawyers Association, and the Wisconsin State Bar, among other legal and professional organizations.

5. Throughout my years of practice, I have represented hundreds of individuals and employees in employment law matters, including matters to recover unpaid wages under both state and federal law. My law practice for my entire professional career has been devoted to employment law, including wage and hour litigation in federal court.

6. I have represented plaintiffs in individual and class/collective action wage and hour matters in circuit courts within the State of Wisconsin as well as the United States District Court for the Eastern and Western Districts of Wisconsin. I believe that I am experienced with complex federal wage and hour litigation because I have successfully represented hundreds of individuals in single-plaintiff and multi-plaintiff wage and hour actions.

7. In approximately December 2019, I met with Mitchell Clements and began working on this matter. At the outset, and in accordance with our written fee agreement with Mr. Clements, our law firm agreed to be responsible for all attorneys' fees and costs in the event of an adverse result, and, to date, our law firm has not received any compensation for time spent on this matter or reimbursement for any corresponding costs expended.

8. During the litigation of this matter, either myself, Attorney James A. Walcheske, Attorney David M. Potteiger, or Paralegal Heather Floyd-Gabrysiak performed work on the case. As the managing member of our law firm, I am personally aware of and very familiar with all of hours worked and work performed by the firm on this case.

9. I currently bill for my services at the rate of $450.00 per hour for any and all work performed on employment law cases, including but not limited to wage and hour litigation. Prior to

April 1, 2022, I billed for my services at the rate of $400.00 per hour. Beginning April 1, 2022, I began billing my services at the rate of $450.00 per hour.

10.     My hourly rate of $450.00 per hour has been recently approved in the following cases: *Espinoza v. Aqua Finance, Inc.*, Case No. 21-cv-1484, ECF No. 38 (E.D. Wis. November 10, 2022) (Griesbach, J.); *Vasquez-Alvarez v. CB Healthcare Management, LLC*, Case No. 21-cv-0949, ECF No. 37 (Sept. 27, 2022) (Griesbach, J.); *Parker v. Villa of Greenfield LLC, et al.*, Case No. 20-cv-1696, ECF No. 45 (E.D. Wis. September 8, 2022) (Pepper, J.); *Hallam v. Neenah Foundry Company*, Case No. 21-cv-1190, ECF No. 36 (E.D. Wis. September 2, 2022) (Griesbach, J.); *Capocasa v. Milwaukee Alarm Co., Inc.*, Case No. 22-cv-429, ECF No. 18 (E.D. Wis. September 2, 2022) (Dries, J.); *Stephani v. JC Solutions, et al.*, Case No. 21-cv-458, ECF No. 30 (E.D. Wis. September 2, 2022) (Griesbach, J.); *Smith v. Ascension Health Senior Care*, et al., Case No. 20-cv-421, ECF No. 110 (E.D. Wis. September 29, 2022) (Ludwig, J.).

12.     My historical hourly rate of $400.00 was previously approved as reasonable in numerous wage and hour cases. *See, e.g., Hoaglan v. Grede Holdings LLC,* Case No. 20-cv-425, ECF No. 35 (E.D. Wis. July 12, 2022) (Pepper, J.); *Harrison v. Sunny Ridge Nursing and Rehabilitation Center, LLC*, 20-cv-197, ECF No. 51 (E.D. Wis. March 16, 2022) (Pepper, J.); *Troutman v. Weston Memory Care, LLC, et. al.*, 20-cv-332, ECF No. 81 (W.D. Wis. March 10, 2022) (Peterson, J.); *Gillison v. Hunter Douglas Fabrication Company,* Case No. 21-cv-389, ECF No. 30 (E.D. Wis. March 3, 2022) (Griesbach, J.); *Pudlowski v. Samuel, Son & Co. USA, Inc.,* Case No. 20-cv-1092, ECF No. 29 (E.D. Wis. March 3, 2022) (Griesbach, J.); *Smith v. Alexian Village of Milwaukee, Inc.,* Case No. 19-cv-1308, ECF No. 52 (E.D. Wis. January 31, 2022) (Stadtmueller, J.); *Wilkerson v. Laser, LLC,* Case No. 20-cv-1739, ECF No. 43 (E.D. Wis. January 28, 2022) (Griesbach, J.); *Wright v. Denali Staffing, LLC,* 20-cv-1185, ECF No. 39 (E.D. Wis., December 10, 2021) (Adelman, J.); *McDaniel v. The Laureate*

*Group, Inc., et. al.*, 20-cv-1870, ECF No. 38 (E.D. Wis., December 3, 2021) (Ludwig, J.); *Imes v. Amalga Composites, Inc.,* 19-cv-1130, ECF No. 40 (E.D. Wis., September 21, 2021) (Adelman, J.); *Janette v. Custom Wire Technologies, Inc.,* 20-cv-516, ECF No. 40 (E.D. Wis. August 31, 2021) (Adelman, J.); *Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441, ECF No. 35 (E.D. Wis. August 4, 2021) (Griesbach, J.); *Seckel v. Limitless Possibilities, LLC,* Case No. 20-cv-1462, ECF No. 29 (E.D. Wis. July 21, 2021) (Griesbach, J.); *Kelly v. Hudapack Metal Treating, Inc.*, 20-cv-130, ECF No. 37 (E.D. Wis., June 24, 2021) (Ludwig, J.); *Hoaglan v. Heritage Senior Living, LLC,* 19-cv-1361, ECF No. 30 (March 19, 2021) (Adelman, J.); *Henderson, et. al. v. Russ Darrow Group, Inc.*, 20-cv-1421, ECF No. 51 (E.D. Wis. March 16, 2021) (Stadtmueller, J.); *Merschdorf v. DC Industries, Inc.*, 19-cv-1037, ECF No. 45 (W.D. Wis. March 4, 2021) (Peterson, J.); *Henderson v. Automated Pet Care Products, Inc.*, 19-cv-1640, ECF No. 33 (E.D. Wis. February 9, 2021) (Adelman, J.); *Kraczek v. K&S Tool, Die & Manufacturing, Inc.,* 19-cv-938, ECF No. 33 (E.D. Wis. January 29, 2021) (Pepper, J.); *Medina v. Automax Financial, LLC*, 19-cv-1582, ECF No. 41 (E.D. Wis. January 29, 2021) (Stadtmueller, J.); *Schmitt v. Color Craft Graphic Arts, LLC*, 19-cv-1705, ECF No. 40 (E.D. Wis., November 13, 2020) (Griesbach, J.); *Bills v. TLC Homes, Inc.*, Case No. 19-cv-148, ECF No. 53 (E.D. Wis. October 8, 2020) (Pepper, J.); *Clark v. Brunswick Corp.*, No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020) (Griesbach, J.); *Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.); *Johnson v. National Technologies, Inc.,* No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.).

13.     Through my involvement in the Wisconsin legal community, and particularly my interactions with other attorneys who practice in the area of labor and employment, I am familiar with the rates attorneys in Wisconsin charge for their work representing plaintiffs in wage and hour cases pursuant to the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection

Laws ("WWPCL"), as well as a plaintiff's ability to recover reasonable attorneys' fees and costs incurred in such litigation.

14. I believe that the hourly rates requested by our law firm in this case – $450.00 per hour for myself, Attorney Walcheske, and Attorney Potteiger – are consistent with the prevailing market rates in the Wisconsin legal community for similar services, including litigating wage and hour claims pursuant to both the FLSA and WWPCL.

15. Our law firm records time worked in increments of one-tenth (1/10) of an hour, which in my experience is a customary and accepted billing practice, and it is my customary and routine billing practice to enter my time and a brief description of work performed in the firm's electronic timekeeping system immediately after performing the work detailed therein.

16. I have reviewed **Exhibit C** to the Declaration of James A. Walcheske, and believe it is a true and accurate copy of the firm's billing entries in this matter. I am aware that our law firm has spent a total amount of approximately 319.50 hours litigating this matter, and that the total monetary amount of attorneys' fees spent litigating this matter exceeds $103,095.00.

17. To date, I have devoted a total of approximately 19.80 hours litigating Plaintiff's FLSA and WWPCL claims and causes of action, by performing those tasks described in **Exhibit C** to the Declaration of James A Walcheske.

18. I believe that I have litigated this matter reasonably, efficiently, and effectively on behalf of Plaintiff given the outcome for Plaintiff and the Settlement Class, the legal issues (and defenses) presented, and the disputes involved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of November, 2022

s/ *Scott S. Luzi*

Scott S. Luzi

were previously filed as Appendix C to the Settlement Agreement. (Dkt. 21.)

29.     To date, Class Counsel has expended 133.35 hours of work on this file, amounting to $42,197.50 had the client been billed hourly. Class Counsel submits its time records and hourly rates for *in camera* review, attached to this Declaration as Exhibit A.

30.     To date, Class Counsel has expended $635.05 in out-of-pocket costs for the litigation of this matter thus far. A list of costs is provided as Exhibit B to this Declaration.

Dated this 22nd day of April, 2021.

   /s/Caitlin M. Madden
Caitlin M. Madden

# Exhibit D

PLAINTIFF JOAN LOCH

Dated: ___6/9/25 13:16 CDT_____

Signed: _____*Joan Loch*_____

PLAINTIFF SHARON KOCINA

Dated: _____

Signed: _____

PLAINTIFF NANCY OCHS

Dated: _____

Signed: _____

PLAINTIFF CAMILE GRANDBOIS

Dated: _____

Signed: _____

PLAINTIFF JANET WAMBACH

Dated: _____

Signed: _____

PLAINTIFF KRISTIE PERONI

Dated: _____

17

Signed: _____

PLAINTIFF JAYME FRITZGES

Dated: ___6/11/25 16:10 CDT_____

Signed: _____*Jayme Fritzges*_____

PLAINTIFF NATALIE MARTIN

Dated: _____

Signed: _____

DEFENDANT AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, S.I.

Dated: _____

By: _____

Its: _____

18

PLAINTIFF JOAN LOCH

Dated: _____

Signed: _____

PLAINTIFF SHARON KOCINA

Dated: _____

Signed: _____

PLAINTIFF NANCY OCHS

Dated: _____

Signed: _____

PLAINTIFF CAMILE GRANDBOIS

Dated: ____6/10/25 10:58 CDT_____

Signed: _____

PLAINTIFF JANET WAMBACH

Dated: _____

Signed: _____

PLAINTIFF KRISTIE PERONI

Dated: _____

17

PLAINTIFF JOAN LOCH

Dated: _____

Signed: _____

PLAINTIFF SHARON KOCINA

Dated: ____6/10/25 10:57 CDT_____

Signed: _____

PLAINTIFF NANCY OCHS

Dated: _____

Signed: _____

PLAINTIFF CAMILE GRANDBOIS

Dated: _____

Signed: _____

PLAINTIFF JANET WAMBACH

Dated: _____

Signed: _____

PLAINTIFF KRISTIE PERONI

Dated: _____

17

Signed: _____

PLAINTIFF JAYME FRITZGES

Dated: _____

Signed: _____

PLAINTIFF NATALIE MARTIN

Dated: ___6/9/25 11:34 CDT_____

Signed: ___*Natalie Martin*_____

DEFENDANT AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, S.I.

Dated: _____

By: _____

Its: _____

18

PLAINTIFF JOAN LOCH

Dated: _____

Signed: _____

PLAINTIFF SHARON KOCINA

Dated: _____

Signed: _____

PLAINTIFF NANCY OCHS

Dated: ___6/10/25 07:14 CDT_____

Signed: _____*Nancy Marie Ochs*_____

PLAINTIFF CAMILE GRANDBOIS

Dated: _____

Signed: _____

PLAINTIFF JANET WAMBACH

Dated: _____

Signed: _____

PLAINTIFF KRISTIE PERONI

Dated: _____

17

Signed: _____*Kristie Peroni*_____

PLAINTIFF JAYME FRITZGES

Dated: _____

Signed: _____

PLAINTIFF NATALIE MARTIN

Dated: _____

Signed: _____

DEFENDANT AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, S.I.

Dated: _____

By: _____

Its: _____

18

PLAINTIFF JOAN LOCH

Dated: _____

Signed: _____

PLAINTIFF SHARON KOCINA

Dated: _____

Signed: _____

PLAINTIFF NANCY OCHS

Dated: _____

Signed: _____

PLAINTIFF CAMILE GRANDBOIS

Dated: _____

Signed: _____

PLAINTIFF JANET WAMBACH

Dated: ___6/10/25 17:18 CDT_____

Signed: ____*Janet L Wambach*_____

PLAINTIFF KRISTIE PERONI

Dated: _____

17